### Jeff D. Burns v. The State.

*No. 1405.　Decided December 22nd, 1896.*

·Carrying Pistol Within Half Mile of Open Polls on Election Day.

On a trial under provisions of Penal Code, Art. 169, against carrying a pistol within one-half mile of the open polls of an election on election day, and it was contended that inasmuch as the proof showed that if an offense had been committed it was one which was in violation of both the Arts. 169 and 340, Penal Code, and that inasmuch as the penalty for the offense denounced in Article 340 was less than that denounced in Article 169, the defendant should have been prosecuted under Article 340. Held: If the offense defined by Article 169 was complete, the commission of the offense defined in Article 340 could not relieve him of the offense already committed.

APPEAL from the County Court of Smith. Tried below before Hon. ·George W. Cross, County Judge.

Appeal from a conviction for carrying a pistol within one-half mile of an open election poll, on election day; penalty, a fine of $100.

The following are the facts agreed upon: (1) "On the 3rd day of November, 1896, a general election, for national, State, district, county and precinct officers, was being held and conducted in accordance with law, in the County of Smith, State of Texas. The poll or voting places, in election Precinct No. 19, and in election Precinct No. 1, of said Smith County, were situated in the court house, in the city of Tyler; the poll or voting place of said Precinct No. 19, being in the west end of said court house, and the poll or voting place in said Precinct No. 1, being in the east end of said court house; said election precincts being separated by an imaginary line running north and south, and passing through the center of said court house."

2. "On said day of election the poll or voting places in said election Precinct No. 19, and also in said election Precinct No. 1, were open for the purpose of said election, continuously from 8 o'clock a. m., until 6 o'clock p. m."

3. "On said day of election, at 4 o'clock p. m., the defendant, not. being a peace officer, procured a pistol, in a hall or room up stairs over a storehouse on the east side of the public square in the city of Tyler, which hall or room was not the premises of defendant, nor his place of business. When the defendant procured the pistol in said hall or room, he put it in his pocket, and at once walked, with the pistol in his. pocket, across the eastern half of said public square into the court house yard, at Tyler, and walked within twenty feet of the poll or voting· place in said Precinct No. 1, and within fifteen feet of the poll or voting· place in said Precinct No. 19, while the polls were open in each of said precincts; and at the time defendant thus walked into said court house· yard, and within twenty feet of said voting place in said Precinct No. 1, and within fifteen feet of said voting place in said Precinct No. 19, about five hundred citizens of this State were collected in said court. house yard, at all about both of said poll or voting places, for the pur-- pose of voting at said election, and defendant thus carried said pistol on his person to said election Precinct No. 19, where said citizens were col-- lected for the purpose aforesaid, and among said citizens. At said time. defendant resided in the city of Tyler, in said Precinct No. 1, and the; hall or room where he procured said pistol, was situated in said election Precinct No. 1."

*James M. Edwards*, for appellant.—The defendant was prosecuted and convicted, under Art. 169, Penal Code (1895), for the offense of carrying a pistol, on a day of election, during the hours the polls were· open, within the distance of one-half mile of a voting place, and not be-- ing then and there a peace officer. The proof showed that the defend-- ant committed every element of the offense charged.

But the same proof shows, also, that the defendant violated, to a nicety, another article of the Penal Code, Art. 340, Penal Code (1895);, that he committed another offense, to-wit: That he did go to an elec-- tion precinct, on the day of an election, where a portion of the people;

of this State were then collected to vote at such election, and did then and there have and carry about his person a certain pistol. For this latter offense a lesser penalty is imposed by statute than is imposed for the offense of which defendant has been convicted; and upon the trial, and in his motion for a new trial, defendant claimed the right to be prosecuted, if at all, under the statute which declares the identical acts which he committed a crime and imposes a lower minimum penalty therefor than is imposed for the offense charged in the information. The legislature has provided that if a man violate Art. 340, Penal Code—if he do the acts there denounced—his punishment may be as low as a fine of $50, without imprisonment; therefore, when a man has committed the acts which constitute a precise violation of Art. 340, Penal Code, no grand jury or County Attorney has the authority to make his punishment as high as a fine of $100, with possible imprisonment. But it is urged in the State's brief that appellant carried the pistol to the forbidden place while the polls were open, and that therefore his offense is not covered by Art. 340, Penal Code. Whether said Article 340 fully covers all that the defendant did, depends on what was intended by the language used in said article, ''or to any election precinct on the day or days of any election, where any portion of the people of this State are collected to vote at any election.'' When this language is construed according to its natural and obvious import, can it be said that the legislature intended by the language: ''on the day or days of any election'' to omit and exclude that part of the day when the polls are open, that is, from 8 o'clock a. m. to 6 o'clock p. m.? There is certainly very little of any day of an election that is not included within that time. When the language: ''where any portion of the people of this State are collected to vote at any election,'' is construed according to its obvious and natural import, can it be said that the legislature intended to exclude from the protection of said Article 340 the time when the polls are open on the election day? Undeniably, Art. 340, Penal Code, when construed as criminal statutes must be, according to their natural import, includes within its denunciation every act which the proof in this case shows that the defendant did.

The cases of Payne v. State, 17 Tex. Crim. App., 40, and McRay v. State, 18 Tex. Crim. App., 331, strongly support our contention, by analogy.

Appellant was in a building on the east side of the public square in the city of Tyler, and there procured a pistol and carried it directly from the building, across the eastern portion of said public square, within twenty feet of the voting place in Precinct No. 1, and within fifteen feet of the voting place in Precinct No. 19. Now, in the State's brief it is contended that appellant completed the offense charged by walking across the public square within a half mile of the voting place, and before he reached the place, in the court yard, where the people were collected to vote. In enacting Art. 340, Penal Code, the legislature could not have contemplated that people would be collected to vote

more than one half mile from any voting place. Such a supposition is wholly unreasonable; and yet, according to the contention of the State, no person could go to an election precinct on the day of an election, where people were collected to vote, carrying a pistol about his person, and thus violating said Article 340, without subjecting himself to the penalty imposed by said Article 169. In this case the defendant's act in carrying a pistol from the building on the east side of the public square directly to the voting places, where the people were collected to vote, not more than fifty yards from the place where the defendant came into possession of the pistol, was all one and the same transaction, and should not be so carved up as to make several offenses.

There is not a word in the record, anywhere, to justify the statement in the State's brief that when the pistol was taken from the appellant he was in Precinct No. 1, and was not in Precinct No. 19. As a matter of fact, this statement is wholly untrue. When the pistol was taken from the appellant he was standing within fifteen feet of the voting place in Precinct No. 19, in the western part of the court house, where he had just arrived from the hall or building on the east side of the public square.

We submit that the Cooper case has not the remotest bearing on the question herein presented. In that case there was a motion to quash the indictment on the ground that the two articles of the Penal Code in question were in irreconcilable conflict, and rendered each other inoperative. In this case we make no motion to quash, but after the proof is in, we claim that if the defendant has committed any offense, it is the identical offense for which the legislature has said he should be punished by fine not less than fifty dollars nor more than five hundred dollars, without imprisonment; and we object to being prosecuted under another article of the statute which imposes a penalty of not less than one hundred dollars nor more than five hundred dollars, with possible imprisonment, simply because the acts committed by the defendant constitute a violation of both articles.

If we are wrong in this contention, then if two men had committed, at the same time, the very acts committed by the appellant in this case, the law would allow one of them to be prosecuted under Art. 169, Penal Code, and punished by a fine of five hundred dollars and by imprisonment of thirty days, and the other to be prosecuted under Art. 340, Penal Code, and punished by a fine of fifty dollars, without imprisonment. It seems to be impossible for the law to be such as to allow so vast a power of discrimination to be exercised by any grand jury or County Attorney.

The appellant respectfully asks this honorable court to reverse and remand this cause and to grant appellant such other relief therein as, under the law, the court may deem him entitled to.

*Lee Walker*, County Attorney, and *Mann Trice*, Assistant Attorney-General, for the State.—Appellant contends that the evidence shows he

has violated Article 340, and should have been prosecuted, if at all, under that article, as it provides a lesser penalty than does Article 169, The State denies the correctness of this contention, and says appellant committed the exact offense described in Article 169.

What are the essential elements of the offense denounced by said Article 169? They are as follows: (1) The person not being a peace officer, must carry the fire-arm on the day of election. (2) He must carry it within one-half mile of the poll. (3) He must carry it within one-half mile of the poll or voting place, while the poll is open. Willson's Crim. Stat., Art. 163; Cooper v. State, 25 Tex. Crim. App., 530; Cooper v. State, 26 Tex. Crim. App., 575.

The evidence shows conclusively that: (1) Defendant, Burns, on November 3rd, 1896, when a general election was then being held, left a house, on the east of the public square, with a gun in his pocket. (2) Defendant took the pistol to within twenty feet of poll No. 19, and within fifteen feet of poll No. 1, where the pistol was taken from him. (3) At the time said pistol was taken off of defendant the polls of both boxes (19 and 1) were open, the defendant being in poll No. 1, and only a few feet from No. 19.

Thus every element of the offense defined by Article 169 is sustained by the undisputed evidence in the case.

Now, what are the elements of the offense defined by Article 340? They are as follows,· viz: (1) The person must carry the pistol into an election precinct on the day of an election, he not being a peace officer. (2) He must carry it to where a portion of the people of the State are assembled to vote. Willson's Crim. Stat., Art. 320, Penal Code; Cooper v. State, 25 Tex. Crim. App., 530; Cooper v. State, 26 Tex. Crim. App., 575.

It is evident from the analysis of these two statutes that they do not define the same offense; that while they have elements in common, yet they also have elements that are not common, and make the two offenses separate and distinct. And while the defendant may have committed every element of the offense in Article 340, the proof shows he did more, and by going to the polls with his pistol, while the polls were open (which is not an element of the offense defined in Article 340), he violated every element of the offense as defined by Article 169, and hence the case should be affirmed.

2. The State claims that when defendant walked across the eastern portion of the public square of Tyler, and before he got to the polls, where "people were assembled," he had violated Article 169, and his offense was even then complete, and would be beyond the rule contended for by appellant.

3. When the pistol was taken from appellant he was in precinct No. 1, and was not in precinct No. 19—those two precincts being separated by a line running north and south through said court house—but he was not more than ninety. feet from the poll in precinct No. 19, one poll

being in one end of the court house, and the other poll being in the other end.

And, therefore, this case should, for this reason, be affirmed, even though appellant's view of the law herein should be true.

HURT, PRESIDING JUDGE.—This conviction was obtained under Art. 169, of the Penal Code of 1895, which provides that: "If any person, other than a peace officer, shall carry any gun, pistol, bowie knife, or other dangerous weapon, concealed or unconcealed, on any day of election, during the hours the polls are open, within the distance of one-half mile of any polling or voting place, he shall be punished by a fine of not less than one hundred nor more than five hundred dollars; and in addition thereto may be imprisoned in the county jail for a period not exceeding one month." Appellant concedes that he is guilty of violating this article, but contends that, as he went with the pistol to an election precinct on the day of an election, where a portion of the people of the State were collected to vote at said election, and as the punishment for this offense is less than for that under Article 169, he should have been prosecuted for the offense as defined in Article 340, and not the offense as defined by Article 169. From the statement of facts it appears that the election was held in the court house, situated on the square in the city of Tyler; that appellant went, with the pistol, within a few feet of where the election was being held, and where the people were collected to vote at said election. Appellant obtained the pistol on the east side of the square in the city of Tyler, and walked over to the polls. The polls were then open. Before he entered the court house yard with the pistol, the offense defined by Article 169 was complete in every particular. We cannot understand upon what principle the commission of the offense defined in Article 340 would relieve appellant from the penalty affixed to an offense completed before the latter offense was committed. This was a separate and distinct offense. If the offense defined by Article 169 was complete, the commission of the offense defined in Article 340 could not relieve the party from the guilt of the offense already committed. The judgment is affirmed.

*Affirmed.*