No. 25,508.

THE STATE OF KANSAS, *Appellee*, v. HUGH ROONEY, *Appellant*.

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Conviction of Lesser Degree Than Charged.* One charged with the offense of the unlawful manufacture of intoxicating liquors may be convicted of an attempt to commit that offense.

2. SAME—*Information Following Language of Statute—Sufficiency.* An information charging the principal offense in the language of the statute is sufficient to warrant the conviction for an attempt to commit, if the testimony shows overt acts done by the accused towards its commission with an intent to commit the offense charged, but through some interference he was prevented from carrying out the intent.

3. CRIMINAL LAW—*Attempts to Commit Offenses—Rule Applicable to Misdemeanors.* The statute providing for the prosecution and punishment of attempts to commit offenses applies to misdemeanors as well as felonies.

4. INTOXICATING LIQUORS—*Evidence—Sufficiency.* The evidence examined and held to be sufficient to sustain the conviction.

5. SAME—*Instructions.* Instructions of the trial court are held to be free from error.

Appeal from Brown district court; C. W. RYAN, judge. Opinion filed June 6, 1925. Affirmed.

*Edward Rooney,* of Topeka, and *S. F. Newlon,* of Hiawatha, for the appellant.

*C. B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, and *W. F. Means,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Hugh Rooney, who was convicted of an attempt to manufacture intoxicating liquors, appeals from the judgment.

His principal complaint is that he was not charged with an attempt to commit an offense, but was convicted upon an information charging him with having committed the completed offense of manufacturing intoxicating liquors. He insists that an attempt to commit a crime is not a degree of an offense, and that the accused cannot be convicted of an attempt unless it is specifically charged in the information. The statute provides that:

"Every person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act toward the commission of such offense but shall fail in the perpetration thereof, or shall be prevented or intercepted in executing the same, upon conviction thereof shall, in cases where no

provision is made by law for the punishment of such attempt, be punished as follows: . . ." (R. S. 21-101.)

An attempt to commit a crime is generally held to be any overt act done towards its commission, with an intent to commit the offense, but because of some interference the accused is prevented from carrying out the intent which would have resulted in the commission of the crime. Under the statute, when the accused does an act with the intent to commit the crime charged, but is prevented from carrying out his unlawful intent, he may be convicted of an attempt if the testimony warrants it. To obtain a conviction in such a case it is not necessary that the overt acts shall be specifically charged in the information. Ordinarily it is enough if the principal offense is set forth in the language of the statute. It was determined in *In re Lloyd,* 51 Kan. 501, 33 Pac. 307, that:

"Where an information charges the completed offense of rape and an unsuccessful attempt is shown, the defendant may under such a charge be convicted of an attempt to commit the offense." (Syl. ¶ 2.)

In *The State v. Guthridge,* 88 Kan. 846, 129 Pac. 1143, the same question was brought before the court, and it was held that where the completed offense is sufficiently charged and the acts of the accused done towards its accomplishment proceed no further than an attempt, he may be convicted although the overt acts done towards its commission are not definitely stated in the information. (See, also, *The State v. Decker,* 36 Kan. 717, 14 Pac. 283; *The State v. Frazier,* 53 Kan. 87, 36 Pac. 58.)

There is a further contention that the rule as to attempts can apply only to felonies, but is not applicable to misdemeanors. No such distinction is made in the statute. The language used indicates a purpose to make the rule applicable to all offenses prohibited by law. In fixing the penalties for attempts to commit different kinds of offenses, it is provided, among other things, that:

"*Fourth.* If the offense so attempted be punishable by imprisonment in the county jail and fine, the offender convicted of such attempt may be punished by both imprisonment and fine, or either, not exceeding one-half the longest time of imprisonment and one-half of the greatest fine which may be imposed upon a conviction for the offense so attempted.

"*Fifth.* If the offense attempted be punishable by fine only, the offender convicted of such attempt shall be liable to a fine not exceeding one-half of the greatest fine which may be imposed upon a conviction of the offense so attempted." (R. S. 21-101.)

These provisions plainly contemplate that the rule relating to attempts is applicable to misdemeanors as well as felonies.

Another contention is that the evidence does not show that the liquor he was making was of an intoxicating character, and further, that the materials he was using could not be converted by distillation into an alcoholic liquor. He had procured a still designed for making intoxicating liquor and stated that he had placed raisins and sugar in it, and when arrested was engaged in cooking and distilling it. There is testimony that defendant admitted that he was making wine. A dentist called as a witness in behalf of the defendant said that if only raisins and sugar were in the still they could not be converted into alcoholic liquor, but on cross-examination he subsequently stated that if the concoction should be allowed to stand for a number of days at a temperature of from sixty to eighty degrees, it would ferment and become alcoholic. On the whole, the testimony appears to be sufficient to sustain the conviction. The same witness testified that defendant told him this was his first attempt at making an alcoholic beverage.

There is a complaint that the court did not fully instruct the jury as to the law of attempts to commit public offenses, but an examination of those given shows no ground for this complaint.

The judgment is affirmed.