# Richmond.

## M. L. West v. Commonwealth.

March 19, 1931.

Present, Prentis, C. J., and Campbell, Holt, Hudgins and Gregory, JJ.

The opinion states the case.

*John N. Sebrell* and *Nathaniel T. Green,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

The accused was indicted on two counts for violating the

prohibition laws. The first count charged him with unlawfully and feloniously manufacturing ardent spirits. The second count charged him with the unlawful and felonious aiding and abetting others in the manufacture of ardent spirits. There was a verdict of guilty and his punishment fixed at six months in jail and a fine of $100.00 was imposed. Judgment was accordingly pronounced against him and he is now seeking a review of the case by this court.

The facts disclose that about 10 o'clock in the morning, sometime in September, 1929, a number of officers raided a large still. It was completely equipped and in operation. Three men connected with the operation of the still were placed under arrest, and it was taken in custody by the officers. The officers remained around the place where the still had been in operation until 1 or 2 o'clock the next morning, at which time the accused drove up in a truck to a house which is some 200 yards from where the still had been in operation, but, from the house, one has no view of the place where the still was located. The accused drove the truck into the yard, near the house and then alighted. He went into the house and there remained for a few minutes. He then returned to the truck and occupied the driver's seat. Officer Burgess, keeping himself from observation, got into the truck beside the accused and pointed a pistol at him and commanded him to hold up his hands. He was then placed under arrest and was commanded by the officer to "drive down to the place." The accused drove to the place where the still had been in operation. He was transporting on the truck quantities of sugar, coal, rye, flour, yeast and cornmeal, and a number of five-gallon jugs. The truck was heavily loaded.

There are two assignments of error, but from our view of the case it is only necessary to discuss the first, which is that the court should have set aside the verdict, because it was contrary to the evidence.

The evidence fails to show that the accused knew that

a still had been in operation where it was found, or that he had any interest therein or connection therewith.

The Commonwealth concedes that the evidence does not warrant a conviction for manufacturing ardent spirits, but it does contend that the evidence is sufficient to support the charge contained in the second count of the indictment, which is that the accused "unlawfully and feloniously" aided and abetted another in the manufacture of ardent spirits. We cannot concur in this view. The evidence is wholly insufficient to sustain the verdict. It neither sustains the charge of attempting to manufacture ardent spirits, nor of aiding and abetting another in manufacturing ardent spirits.

In the case of *Thacker* v. *Commonwealth,* 134 Va. 767, 114 S. E. 504, 505, we find this clear definition of an attempt to commit a crime: "An attempt to commit a crime is composed of two elements: (1) The intent to commit it; and (2) a direct, ineffectual act done towards its commission. The act must reach far enough towards the accomplishment of the desired result to amount to the commencement of the consummation. *Hicks* v. *Commonwealth,* 86 Va. 226, 9 S. E. 1024, 19 Am. St. Rep. 891; *Uhl's Case,* 6 Gratt. (47 Va.) 706."

In the case under consideration it must be borne in mind that the crime of manufacturing ardent spirits had been fully consummated, the still captured and in the custody of the officers, some fifteen hours before the accused drove the truck containing the cornmeal and other articles to the house, and that the house was 200 yards from where the still had been in operation.

The failure to consummate a crime is as much an element of an attempt to commit it as the intent and the performance of an overt act towards its commission. It is also true that when a crime has been actually consummated, there can be no prosecution for an attempt.

The most that can be said of the evidence in the instant case, viewing it in a light unfavorable to the accused,

is that he was making preparation for an attempt to commit the crime of manufacturing ardent spirits. There is quite a difference between preparation for the attempt and the attempt itself. Preparation consists in arranging the means necessary for the commission of the crime. The attempt is the direct movement towards its commission, after the preparations have been made. An act, to amount to an attempt, must reach far enough towards the accomplishment of the crime to amount to the commencement of the consummation. It need not be the last proximate act to the consummation of the crime attempted to be committed, yet, it must approach sufficiently near to it to stand either as the first or some subsequent step in a direct movement towards the commission of the crime after the preparations have been made.

The remaining question to be decided is whether the acts of the accused, considering them in a light unfavorable to him, constitute the crime of aiding and abetting another in the manufacture of ardent spirits.

In the case of *Gray* v. *Commonwealth*, 150 Va. 571, 142 S. E. 397, it is held that to constitute one an aider and abettor, it must be shown that he procured, encouraged, countenanced or approved the commission of the crime.

Again we must bear in mind that in the instant case the crime of manufacturing ardent spirits had been fully consummated fifteen hours before the accused appeared on the scene. He was not in a situation in which he might have rendered any aid or assistance to the perpetrator. He was not present, actually or constructively. There is no evidence in the record which shows that he procured or encouraged the perpetrator of the crime. We are forced to conclude that he has not been shown to be an aider and abettor.

The judgment of the trial court is reversed and the verdict set aside, and the case is remanded to the trial court to be there further proceeded in if the Commonwealth is so advised.

*Reversed and remanded.*