CHAMP POTEET V. THE STATE.

No. 20519. Delivered November 22, 1939.

The opinion states the case.

*Jno. T. Spann,* of Crystal City, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for hunting deer at night with the use of an artificial light, punishment assessed being a fine of fifty dollars.

The cause in which appellant was convicted bore the trial court number of 726, and was based upon a complaint and information which were filed in the County Court of Zavala County on the *2d* day of *February, 1939.* They charged that appellant

on or about November 1, 1938 hunted deer by the aid of a "head-light and artificial light."

When this cause was called for trial appellant interposed a plea of former acquittal in which he averred that in cause No. 724 in the trial court he had been acquitted of the offense for which he was again sought to be placed on trial. Cause No. 724 was based on a complaint and information filed on *November 2d, 1938*, alleging that appellant hunted deer by the aid of a "headlight and artificial light" on November 1, 1938. Appellant was tried in cause 724 and acquitted on February 2, 1939, the same day upon which the complaint and information in cause No. 726 was filed. While the record is silent on the point it may reasonably be assumed that the prosecution in No. 726 was begun after acquittal in cause No. 724.

The testimony on the present trial developed that Mr. Miller had received information which caused him and two other officers to secrete themselves at night on the "Hardy" ranch property in a pasture on the south side of the public road in an effort to apprehend deer hunters who might be violating the game laws. About one o'clock A. M. on November 1, 1938, a car was seen travelling along the road. It was equipped with a spot light the rays from which were being "played" into the pasture on the north side of the road. When the car reached a point near·where the officers were in hiding it stopped. Appellant got out of the car with a flashlight in one hand and a rifle in the other. He crawled under the wire fence and entered the pasture on the south side of the road. When he reached a point near the officers he was commanded to stop, but fled and escaped. The officers went to the car in which they found appellant's wife. The car was equipped with a spotlight attached to the "dash-board."

Appellant excepted to the failure of the court to direct a verdict of not guilty predicated on his plea of "former acquittal." In said plea appellant averred "that the offense for which he is now being prosecuted in this case is one and the same transaction, accusation and offense as that for which he has theretofore been legally acquitted." Of course, such averment does not prove itself. The only evidence offered by appellant on the point was the complaint and information, and the judgment of acquittal in cause No. 724. In behalf of the State on the issue Mr. Miller testified as follows: "I filed the complaint in this case, and the complaint in cause No. 724; they are not for the same offense; this one is for hunting with a head light and the other case is for hunting with a light attached to the automobile; when I saw him coming he was hunting from the car with

a light attached to the car; that's what that case was for; this case is for hunting with a head light, in the pasture with a flashlight; I filed both complaints, the one he was acquitted for reads like this one, they read alike, but they are for different offenses." The court instructed the jury if they found that the offense charged in cause No. 724 was the same as that charged in the case on trial to acquit appellant, and also the court at appellant's request gave a special charge on the same subject in language chosen by appellant.

The same offense means the identical criminal act, not the same offense by name. See 12 Tex. Jur., Sec. 237, p. 554 and cases there cited. "One pleading former acquittal or conviction in this State may allege and prove the facts which show the identity of the offense although this may not appear upon the face of the indictment nor from the recitals in the judgment." Compton v. State, 105 Tex. Cr. R. 516, 289 S. W. 54. Likewise, an offense which might appear to be the same upon the face of the State's pleading and the judgment might be an entirely different criminal act. To illustrate, there might be two cases against A for assault to murder on B with a pistol on the same alleged date, and a judgment of conviction or acquittal occur in one case. On the face of the pleadings and judgment a plea of former conviction or acquittal would appear good, and yet A may have tried to kill B on two occasions the same day.

In the present case we have no information as to the manner of trial in cause No. 724. The hunting by use of a spotlight on the car in the pastures on the north side of the road while the car was travelling along the road could have been developed in the trial of No. 724 without even referring to the transaction in the pasture on the south side of the road after appellant got out of the car, or if both transactions had been developed in the trial of No. 724, an election might have restricted the State to the hunting on the north side of the road with the spotlight on the car. Thompson v. State, 99 Tex. Cr. R. 470, 269 S. W. 1048; Mitchell v. State, 48 Tex. Cr. R. 533, 89 S. W. 645. Where an accused pleads former conviction or acquittal the burden is on him to prove it, and while the plea in the present case is good, we think the evidence fails to sustain it. The evidence may have been so developed in the trial of No. 724, and that cause so submitted that appellant's plea of former acquittal might have been supported under proper proof.

The prosecution was under Art. 902 P. C. (1925). We quote said article in part, emphasizing the words pertinent to our subsequent observations "It shall be unlawful for any person at any time of the year to hunt deer * * * by the aid of what is

*commonly known as a headlight* or *hunting-lamp,* or by artificial light attached to an automobile, or by the means of any form of artificial light. \* \* \* The possession of a *headlight,* or any *other hunting light used on or about the head* when hunting at night, between sunset and one-half hour before sunrise, by any person hunting in a community where deer are known to range, shall be prima facie evidence that the person found in possession of said *headlight,* or *other hunting light,* is violating the provisions of this article."

In submitting the case to the jury the trial judge gave in charge the prima facie clause of said article. Objection was interposed on the ground that it was not applicable under the facts of the present case. Appellant also complained because the court did not charge on circumstantial evidence, and presented one in proper form with request that it be given. If the court was right in giving the instruction on the prima facie feature of the statute, it obviated the necessity of charging on circumstantial evidence, otherwise the omission to charge on circumstantial evidence would be error. It will be noted that in the first part of Art. 902 P. C., it refers especially to hunting with lights *commonly* known as a "headlight or hunting lamp" by name, and then includes "any other form of artificial light," but restricts the prima facie feature of the statute to a "headlight," or any other *"hunting light used on or about the head."* It is unquestionably true that when appellant went into the pasture on the south side of the road he was not using what was commonly known as a "headlight" or "hunting lamp." He had only an artificial light known as a "flashlight." He had it in his hand. It is true one of the State's witnesses testified that such a light could be used on the head by placing it in the hat crease, but there is no evidence that appellant was so using it on or about the head, and it is only when so used that the statute in question would make the possession of such a light as appellant then had prima facie evidence that he was violating the hunting statute in question. The ordinary flashlight is an article of such common use that it may well be doubted that the Legislature would undertake to make the possession of one prima facie evidence against its owner unless he was using it on or about the head as the commonly known headlights or hunting lamps are used.

It follows from what we have said that we think the trial judge fell into error in giving the prima facie charge complained of, and that upon another trial it should be omitted,

and under the evidence as here found an instruction on circumstantial evidence would be appropriate.

The judgment is reversed and the cause remanded.