# Richmond

GEORGE A. NEWMAN v. COMMONWEALTH OF VIRGINIA.

June 14, 1948.

Record No. 3390.

Present, Gregory, Eggleston, Spratley, Buchanan, Staples and Miller, JJ.

The opinion states the case.

*Gordon E. Campbell,* for the plaintiff in error.

*Ballard Baker, Special Assistant to the Attorney General,* for the Commonwealth.

EGGLESTON, J., delivered the opinion of the court.

George A. Newman was convicted by the trial court, sitting by consent without a jury, of the violation of section 49-a of the Alcoholic Beverage Control Act (Acts 1936, ch. 255, p. 434, Michie's Code of 1942, section 4675(49a)), which prohibits "The transportation of alcoholic beverages, other than wine and beer purchased from persons licensed to sell same in this State, * * * within, into or through the State of Virginia in quantities in excess of one gallon * * * except in accordance with regulations adopted by the Virginia Alcoholic Beverage Control Board pursuant to this section."

The sole assignment of error is that the evidence is insufficient to justify the judgment of conviction.

The evidence is quite brief and consists of the testimony of two members of the police force of the city of Norfolk. It may be summarized thus:

On June 1, 1947, the officers, acting on information, proceeded to an A. B. C. store on Church street, in the city of Norfolk, where they found a Ford truck parked a short distance away. No one was on or near the truck which contained a padlocked box.

While the officers were standing near the truck they saw Newman come out of the A. B. C. store carrying a package. Newman took a step toward the truck, stopped, and passed the package to a companion. It contained eight pints of whiskey bearing stamps which showed that they had been purchased at the near-by A. B. C. store.

Newman first disclaimed ownership of the truck but later admitted it. He produced a key to the box which was opened and was found to contain seventy-one pints of assorted whiskeys containing stamps showing that they had been purchased at a State store or stores. Newman admitted that the whiskey was his. He further admitted that he had

two colored men in line at the near-by A. B. C. store buying whiskey for him, and that if the officers had not accosted him he would have placed "two more bags" in the truck.

The accused resided and had his place of business "a short distance of several blocks" from the place where the truck was found.

■ In our opinion this evidence is not sufficient to sustain a finding that Newman was guilty of the illegal "transportation" of the whiskey.

There is no evidence as to who drove the truck to the place where it was parked, or who proposed to drive it away. Both officers admitted that they had no knowledge on the subject. The evidence is entirely silent as to whether the whiskey found in the box in the truck was purchased at the near-by store or elsewhere, or what amount, if any, was on the truck when it was driven to the location. There is no evidence that Newman or any one else moved the truck, took the driver's seat, started the engine, or made any preparation to move the vehicle after the whiskey, or any portion thereof, had been placed therein.

In the brief of the Attorney General it is argued that the evidence is sufficient to show that the accused "moved" the seventy-one pints of whiskey from the counter of the State store to the truck, and that this constituted a "transportation" "in excess of one gallon" which is prohibited by the section. We cannot agree with this contention.

In the first place, there is no evidence that Newman actually carried any of the whiskey from the store to the truck.

In the next place, the only prohibition in the act as to the quantity of whiskey which a person may purchase from a State store is that found in section 9(f) (Michie's Code of 1942, sec. 4675(9)(f) ). That section provides that, "Not more than one gallon of alcohol or spirits shall be sold to any one person at any one time in any government store; * * *." Under this section one may make

successive purchases of one gallon of whiskey at one or more stores. At the same time he may, by successive trips, remove his successive purchases from the store or stores, for otherwise the right to purchase in this manner would be ineffectual.

Moreover, the statute nowhere prohibits the accumulation or storing of liquor thus lawfully acquired in a truck or vehicle. The prohibition is against the "transportation" of more than a gallon without the required permit.

This is a criminal statute and must be strictly construed. Its breach by the accused must be shown beyond a reasonable doubt.

According to the common acceptation of the term, to transport means to carry or convey from one place to another. There is no evidence that Newman transported the whiskey after it had been placed in the truck. As has been said, there is no proof that he moved the truck or attempted to do so. Indeed there is no proof that he even intended to do so.

It is true that in construing the former prohibition law this court has held that in order to establish illegal transportation of intoxicating liquor in an automobile it is not necessary that the Commonwealth show that the vehicle was actually in motion while the liquor was in it. See *One Chrysler Roadster* v. *Commonwealth*, 152 Va. 508, 147 S. E. 243; *Seay* v. *Commonwealth*, 152 Va. 982, 146 S. E. 198, 61 A. L. R. 997. Both of these were *in rem* proceedings involving the forfeiture of motor vehicles for the transportation of intoxicating liquors under the provisions of the drastic prohibition act then in effect (Acts 1924, ch. 407, p. 593, as reenacted by Acts 1926, ch. 231, p. 417). As the two opinions point out, there was embodied in section 98 of that act a legislative directive that its provisions should be "liberally construed" to effect its purposes.

Whether the principles laid down in those decisions should be applied to a criminal prosecution under the provisions of the Alcoholic Beverage Control Act (Acts 1934,

ch. 94, p. 100, as amended, Michie's Code of 1942, section 4675(1) *ff.*), which contains no such directive and is less drastic in other respects, we need not now decide. On the facts the two cases are distinguishable from the one now before us.

In each of the cited cases the liquor found in the vehicle was illegally acquired and illegally possessed. In the present case both the acquisition and possession of the liquor found in the truck were lawful.

In the *Chrysler Case* the vehicle was seized in the owner's garage shortly after the liquor had been loaded thereon for the purpose of immediate transportation to an adjacent county. It was held that, "The loading of the car for such transportation was a part of the illegal transportation." (152 Va. 517.) There was no doubt in that case that the vehicle which was sought to be forfeited was laden with contraband liquor and was about to begin its journey.

In the case before us there was no evidence that the accused was about to move the vehicle or transport the cargo.

In the *Seay Case* the automobile was seized at the Charles City terminal of the Hopewell ferry while a cargo of contraband liquor which had been brought across the ferry was being loaded into the motor vehicle "for the purpose of continuing the transportation." It was held that the transfer of the contraband cargo to the automobile was "a part of a continuous illegal transportation." (152 Va. 991.)

The case now before us involves no question of continuous illegal transportation. Both the acquisition of the whiskey and its transfer from the store to the truck were legal.

Clearly, we think, the evidence is insufficient to sustain the judgment that the accused was guilty of illegal transportation of whiskey. At most it shows merely a preparation for an attempt to commit the crime of illegal transportation, that is, arranging the means necessary for a commission

of the act which constituted the crime. See *West v. Commonwealth*, 156 Va. 975, 978, 979, 157 S. E. 538.

The judgment complained of is reversed and the prosecution dismissed.

*Reversed and dismissed.*