211 P.2d 762

**STATE v. SCHIRMER et al.**

No. 7525.

Supreme Court of Idaho.

Nov. 18, 1949.

Robert E. Smylie, Atty. Gen., Don J. McClenahan, Asst. Atty. Gen., Carl M. Buell, Pros. Atty., St. Maries, for appellant.

84

Robert McFadden, Plummer, for respondents.

TAYLOR, Justice.

■ The respondents have moved to dismiss the appeal on the ground that the transcript was not served upon their attorney as required by section 19-2812, I.C. This section requires that the transcript be served by the attorney for appellant upon attorney for respondent within ten days after receiving copies thereof from the clerk, and that proof of service be filed with the clerk of the supreme court. After this motion was made, the proof of service was filed with the clerk of the supreme court almost seven months after the service was made and after the cause was set for hearing on the merits. This filing was too late to constitute a reasonable compliance with the statute. After the transcript was served there was a change in counsel representing respondents and their present counsel did not know that the transcript had been served. However, respondents do not support their motion with any showing of prejudice. The motion to dismiss is denied. Clayton v. Barnes, 52 Idaho 418, 16 P.2d 1056.

The defendants were charged and convicted in the probate court of Benewah County of the crime of attempt to kill deer with the aid of a spot light. On appeal the district court sustained defendants' demurrer to the criminal complaint, set aside the judgment of conviction and ordered the proceedings dismissed. This appeal is from that judgment.

■ The charge as set out in the amended complaint is as follows: "The said Herman W. Schirmer and W. B. Golden on or about the 12th day of November, A.D., 1948, at and in the County of Benewah, State of Idaho, they and each of them then and there being did then and there knowingly, willfully, intentionally, unlawfully attempt to kill deer, a game animal, with the aid of a spot light in the night time, after dark, which said spot light was attached to the automobile which the said defendants were driving, operating and riding in on a public highway in said County and State; and while said automobile was so driven on said highway, said spot light was turned on and used by said defendants to spot deer on said highway and along the sides thereof, for the

purpose of killing any deer, a game animal that might have been spotted with said spot light, and said defendants and each of them at said time and place had loaded rifles in said automobile to be used by them and which they intended to use to kill any deer in the event any deer was spotted by the use of the said spot light contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Idaho."

The statute upon which this charge is based, so far as applicable, is as follows: "It shall be a misdemeanor for any person or persons to hunt for, shoot at, shoot, kill or attempt to kill or capture any ducks, geese or other migratory birds while in a launch or boat of any kind propelled by means of steam, gasoline, electricity or other mechanical power. * * * Provided, also, that it shall be a misdemeanor to take, kill or attempt to kill any game with the aid of a spot light, flash light or artificial light of any kind." I.C. § 36-1301.

It is to be noted that the provision here involved does not make it unlawful to hunt deer or other game with the aid of a spot light. Appellant's contention is that the complaint is sufficient since it uses the language of the statute defining the crime. The complaint does contain the words of the statute. But it does not stop there. It goes on and sets forth the particular acts in which, or by means of which, the state avers the defendants committed the offense. In such a situation it is not nec-essary to determine whether the language of the statute standing alone would be sufficient. When the complaint alleges the particular acts relied upon, it must be assumed that the state's position is that such acts constitute a violation of the statute, and that its proof will go no further. Therefore, if the particular acts charged do not amount to a commission of the crime delimited then the demurrer was properly sustained.

The facts alleged go no further than to show preparation or planning (if, indeed, they go that far). If it be urged that these acts show the respondents were hunting for deer with the aid of a spot light, the legislature has not made such hunting a crime. Nor does such hunting necessarily constitute any part of an attempt to kill deer. 22 C.J.S., Criminal Law, §§ 73-75, pages 137-142; State v. Addor, 183 N.C. 687, 110 S.E. 650, 22 A.L.R. 219; People v. Fiegelman, 33 Cal.App.2d 100, 91 P.2d 156; People v. Miller, 2 Cal.2d 527, 42 P. 2d 308, 98 A.L.R. 913; Dooley v. State, 27 Ala.App. 261, 170 So. 96; West v. Commonwealth, 156 Va. 975, 157 S.E. 538; State v. Wood, 19 S.D. 260, 103 N.W. 25. State v. Hurley, 79 Vt. 28, 64 A. 78, 6 L.R.A.,N.S., 804, 118 Am.St.Rep. 934; Gustine v. State, 86 Fla. 24, 97 So. 207; State v. Rooney, 118 Kan. 618, 236 P. 826.

Appellant cites Galloway v. State, 125 Tex.Cr.R. 524, 69 S.W.2d 89; Poteet v. State, 138 Tex.Cr.R. 9, 133 S.W.2d 581; and West v. State, Tex.Cr.App., 210 S.W.

2d 585. These cases are not in point here for the reason that the Texas statute involved makes it an offense to hunt game with the aid of a light. Scott v. State, 90 Wis. 238, 208 N.W. 795, deals with the sufficiency of the evidence to sustain a conviction of hunting out of season at night and with a light.

The judgment of the district court is affirmed.

HOLDEN, C. J., GIVENS and PORTER, JJ., and SUTTON, D. J., concur.