PRESTON WAYNE MAYNORD, HYLMAR KENNETH MAYNORD, VERNON R. EDDY, AND ROLAND S. BAUS v. STATE

Nos. 31,869, 31,870, 31,871, and 31,872. April 27, 1960

*Benjamin Shefman*, New Braunfels, for appellants.

*Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

By separate complaints and informations, the above named appellants were charged with hunting deer by the aid of an artificial light. They each waived a jury trial and by agreement were tried together before the court. Each appeals from the judgment finding him guilty; assessing the punishment at a fine of $50, and ordering that his hunting license be *not* revoked.

The four appeals will be disposed of in one opinion.

The sole question presented is the sufficiency of the evidence to sustain the conviction.

Appellants were passengers in an automobile owned and driven by Vernon R. Eddy. They drove out the Bear Creek road at night, "where deer are known to abound and where one can see deer most any time of the day".

Herbert Jonas, traveling said road with his family, saw a car parked on said road with the headlights of the car shining into a pasture, and he and his wife put down the license number.

After passing the car and driving a short distance, Mr. Jonas stopped his car and turned off his lights. He walked to the crest of a hill from where he saw an automobile being driven from one side of the road to the other shining its headlights into the adjoining pastures.

The car he observed stopped at the gate entrance to Mrs. Dietz' ranch, and Mr. Jonas noticed the beam of another light being shone into the pasture on the opposite side of the road and "played around as though looking or trying to detect something."

The car he was observing soon started back in his direction and Mr. Jonas turned his car around and met this car. After traveling for a half mile or more Mr. Jonas turned back and shortly met the car again. He testified that it was the same car he had seen on each prior occasion. He then proceeded to his home and called the wife of Game Warden Sumbling and gave her a description of the car and its occupants, and the license number of the car.

Game Warden Sumbling received the information from his wife by radio. He directed his assistant, Martin Richter, to go down Highway 46 and turn up Bear Creek Road, and Mr. Sumbling proceeded to the intersection of said Bear Creek Road and Sattler Road where he attempted to stop a car approaching from Bear Creek Road, and did finally stop it after pursuing and overtaking it.

Mr. Sumbling testified that he saw some rifles in the car and "he asked all of them who the rifles belonged to and all of them admitted that each of the defendants owned one of the rifles. All of them admitted to him right then and there

that they were hunting deer and would have killed one except for the fact that the spotlight was broken * * * ."

Mr. Sumbling further testified that he found a flashlight in the car; that the car was equipped with a cigarette lighter and that a spotlight was plugged in at the cigarette lighter.

Warden Richter testified that he did not meet or pass any car in traveling approximately 12 miles on the Bear Creek Road; that he received a radio call from Mr. Sumbling and proceeded to the location given where he found Mr. Sumbling and the four defendants, observed the guns in the car and saw the spotlight and the flashlight.

One of the defendants, Hylmar Kenneth Maynord, testified. He named his companions in the Eddy car and corroborated the testimony of Mr. Jonas as to their several meetings. He also corroborated the testimony of the game warden as to each of the defendants having a gun in the car and the presence of a flashlight and a spotlight. He testified, however, that the spotlight would not operate because the cigarette lighter plug was out of order, and that "at no time did any of us get out of the car, and at no time did we hunt deer; we did not fire a shot at any time."

The trial judge resolved whatever issue there was against appellants.

Appellants rely upon Poteet v. State, 126 Tex. Cr. R. 396, 72 S.W. 2d 268, and Poteet v. State, 138 Tex. Cr. R. 9, 133 S.W. 2d 581.

The similarity between these cases and the case before us lies in the fact that the artificial light used was not "a headlight. or any other hunting light used on or about the head when hunting at night * * * ," for which reason the prima facie evidence rule found in Art. 902 V.A.P.C. is not applicable.

The holding of this court in the first Poteet case was that the evidence was circumstantial, not that the evidence was insufficient. The reversal was for the failure of the trial court to charge upon circumstantial evidence.

In the later case, Poteet's conviction was reversed because the trial court charged upon the presumption or prima facie

evidence portion of Art. 902 V.A.P.C. when the evidence was that Poteet went into a pasture where deer roamed with a gun in one hand and a flashlight in the other. We do not understand this case as holding that there was not sufficient evidence to sustain a conviction for hunting deer with a flashlight.

While the state did not have the benefit of the prima facie portion of Art. 902 V.A.P.C., the confessions of the appellants herein, that they were hunting deer and would have killed one except for the fact that the spotlight was broken, together with the other evidence mentioned above, is sufficient to sustain the trial court's finding and to establish a violation of Art. 902 V.A.P.C.

Trial being before the court, the question of whether the evidence was circumstantial or direct is not material. However, had the case been tried before a jury the confessions of the defendants would have obviated the necessity of a charge on circumstantial evidence.

The judgments are affirmed.