IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-89-177-CR




ROY BROWN HOWARD,




 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE 


 




NO. 3-89-181-CR




JORY WAYNE PULLEN,




 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE 


 




FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NOS. 37,821, 37,820, HONORABLE JACK W. PRESCOTT, JUDGE PRESIDING



 




 These are appeals from convictions for possession of cocaine of less than twenty-eight grams with intent to deliver. The appellants were separately indicted but jointly tried. 
Following the jury's verdicts of guilty, the court assessed punishment. Appellant Howard entered
a plea of "true" to a prior conviction for delivery of marihuana. His punishment was assessed at
twenty years' imprisonment. Appellant Pullen pleaded "true" to the three prior convictions
alleged for enhancement of punishment. The court assessed his punishment at forty years'
imprisonment.

 Each appellant advances a single point of error claiming that the evidence is
insufficient to support his conviction. We will affirm the judgments of conviction.

 Killeen police officer Dennis Baldwin testified that about 10:00 p.m. on January
20, 1989, he received information from a confidential informant, whom he knew personally and
had worked with previously. The informant told Baldwin that two black males in their "late
twenties" were selling crack cocaine in downtown Killeen; that they were in a brown late model
vehicle bearing Texas license plates 195 RPP; that one of the men was wearing a running suit with
"cadillac" written on the side, and said he was from Waco; that this man offered to sell cocaine
to the informant. Baldwin also received the information that the two men "were going to go to
some of the local clubs in the area."

 Baldwin, who had three years' experience with narcotic related offenses, went with
officer Kenneth Olson to the downtown area. About 10:45 p.m., the officers found the described
vehicle, a Chrysler LeBaron, parked in front of the National Cafe, a local club. Baldwin
described the area as a "high crime area" known for narcotics trafficking. The officers parked
their vehicle 150 to 200 yards away. Partially through binoculars, the officers observed the
appellants in and around the car bearing license plates 195 RPP. People were observed coming
up to the two men, staying a short time and leaving. Baldwin related that at the distance he was
unable to see any exchange of money or "dope," but based on his experience and training, it was
his opinion "they were dealing crack cocaine." Baldwin related the surveillance continued for
approximately an hour, and the appellants were in sight the entire time except when the appellants
went inside and once when they were "up next to a car."

 Baldwin testified that the two men left in the brown car with appellant Pullen
driving and with appellant Howard riding in the passenger seat. The officers followed and with
backup assistance stopped and arrested the appellants. A search of Pullen revealed one 0.02 gram
rock of crack cocaine. There was also on his person an empty film canister. Baldwin explained
that such canisters were commonly used to carry crack cocaine. In Pullen's shirt pocket the
officers found $197.41. The officers also found four $20.00 bills in other pockets of Pullen's
jumpsuit. Baldwin testified that $20.00 bills were commonly used in the sale of crack cocaine
rocks. Under the jumpsuit, Pullen was wearing a running suit with "cadillac" written on it. 
Pullen stated he was from Waco and was unemployed.

 Officer Kenneth Olson generally corroborated Baldwin's testimony. After the stop
and arrest, Olson searched Howard. Two rocks of crack cocaine, later shown to weigh 0.05
grams, were found on Howard's person. He had no money and told the officers he was
unemployed. The chain of custody was established, and the chemist testified the chemical analysis
showed the substance submitted was crack cocaine.

 Pullen did not testify. Howard testified on direct examination that he had received
an undesirable discharge from the Army, had been convicted of delivery of marihuana, and had 
served time in prison. He also related other arrests in California and Texas, including a 1987
arrest for possession of marihuana in Bell county. Howard related that he had been watching
television in a washateria in the same building as the National Cafe, that he only asked Pullen for
a ride to his home, that he had not been with Pullen earlier, and did not know Pullen had any
cocaine on him. He stated that he had earlier been given the two rocks of cocaine by a man at
Motel 7, whose name he did not know but whom he "had seen around." Howard testified that
Pullen was unaware that he was in possession of any cocaine.

 The appellants do not challenge the search and seizures. They claim the evidence
was insufficient to support their convictions, particularly the essential element of intent to deliver. 
The elements of the offense charged against each appellant was that he (1) intentionally or
knowingly (2) possessed (3) cocaine (4) with intent to deliver it. Gonzales v. State, 761 S.W.2d
809, 814 (Tex. App. 1988, pet. ref'd). The trial court charged in accordance with the allegations
of the indictment and also submitted the cases upon the law of parties in each jury charge. Tex.
Penal Code Ann. § 7.02 (1974). The burden of proof was upon the State to prove each element
of the offense beyond a reasonable doubt. Tex. Penal Code Ann. § 2.01 (1974); Tex. Code
Crim. Proc. Ann. art. 38.03 (Supp. 1992). That burden can be sustained by either circumstantial
or direct evidence. Maynord v. State, 334 S.W.2d 822, 824 (Tex. Crim. App. 1960); see also
Taylor v. State, 684 S.W.2d 682 (Tex. Crim. App. 1984); Indo v. State, 502 S.W.2d 166 (Tex.
Crim. App. 1973).

 There is undisputed direct evidence that each appellant had crack cocaine in his
possession. Each appellant insists, however, the evidence is insufficient to show the possession
was with intent to deliver. After receiving information from an informant that certain described
men in a given car were selling cocaine in downtown Killeen, the officers were able to locate the
two men. They were outside a local club in a high crime area where narcotic trafficking
commonly occurred. The men were under surveillance for approximately an hour. Individuals
were constantly coming up to both of them, staying a short time and leaving. Officer Baldwin
expressed the opinion the men were "dealing" crack cocaine. At the time of their arrest, both
appellants had crack cocaine in their possession, albeit small amounts. In addition, there was
found on appellant Pullen's person a film canister and a number of $20.00 bills, both of which
are commonly used in the sale of crack cocaine. No money was found on appellant Howard, but
he had been in Pullen's company for the time he was under surveillance by the officers and was
seen being approached by various individuals who stayed only a short time.

 Intent can be inferred from acts, words and conduct by the accused. Dues v. State,
634 S.W.2d 304 (Tex. Crim. App. 1987); Kimes v. State, 740 S.W.2d 903 (Tex. App. 1987, pet.
ref'd); Creel v. State, 710 S.W.2d 210 (Tex. App. 1986), aff'd, 754 S.W.2d 205 (Tex. Crim.
App. 1988). It is a question of fact to be determined by the trier of facts from all the
circumstances and facts in evidence. Hemphill v. State, 505 S.W.2d 560, 562 (Tex. Crim. App.
1976); Carter v. State, 753 S.W.2d 432 (Tex. App. 1988, pet. ref'd). As a general rule, any
ultimate fact may be established by circumstantial evidence from which a jury may draw
reasonable inferences. Ex parte Watson, 606 S.W.2d 902 (Tex. Crim. App. 1980). Participation
in a criminal enterprise may be inferred from circumstances and need not be shown by direct
evidence. Markham v. State, 761 S.W.2d 553 (Tex. App. 1988, no pet.); Palez v. State, 693
S.W.2d 761 (Tex. App. 1985, no pet.). Circumstantial evidence may be used to prove one is a
party to an offense. Beier v. State, 687 S.W.2d 2, 4 (Tex. Crim. App. 1985).

 Jurors are triers of the fact and the judges of the credibility of the witnesses and
the weight to be given to their testimony. Tex. Code Crim. Proc. Ann. art. 38.04 (1979). The
jurors may accept or reject any part of or all the testimony given by the witnesses. Beardsley v.
State, 738 S.W.2d 681, 683 (Tex. Crim. App. 1987).

 The standard for review of the sufficiency of evidence is whether, viewing the
evidence in the light most favorable to the verdict, any rational trier of the facts could have found
the essential elements of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307 (1979); Butler v. State, 769 S.W.2d 234, 239 (Tex. Crim. App. 1989); Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986); Jackson v. State, 672 S.W.2d 801, 803 (Tex.
Crim. App. 1984). The standard is applicable to both direct and circumstantial evidence cases. 
Chambers v. State, 711 S.W.2d 240, 244-45 (Tex. Crim. App. 1986); Christian v. State, 686
S.W.2d 930, 934 (Tex. Crim. App. 1985); Houston v. State, 663 S.W.2d 455, 456 (Tex. Crim.
App. 1984).

 A conviction based upon circumstantial evidence, however, cannot be sustained if
the circumstances do not exclude every other reasonable hypothesis except that of the defendant's
guilt. See Butler v. State, 769 S.W.2d 234 (Tex. Crim. App. 1989); Burns v. State, 676 S.W.2d
118, 120 (Tex. Crim. App. 1984). Any alternative hypotheses, however, must be reasonable,
consistent with the facts proved and the circumstances, and not out of harmony with the evidence. 
Autry v. State, 626 S.W.2d 758, 761 (Tex. Crim. App. 1982), cert. denied, 459 U.S. 882 (1982);
see also Brown v. State, 748 S.W.2d 258, 262 (Tex. App. 1988, no pet.). (1)

 Applying the "rationality test," we conclude that a rational trier of fact could have
found beyond a reasonable doubt all the essential elements of the offense charged against each
appellant, keeping in mind that the evidence must be viewed in the light most favorable to the
verdict, accepting all credibility choices and reasonable inferences made by the jury. See United
States v. Mixon, 816 F.2d 1022, 1029 (5th Cir. 1987); United States v. Blank, 653 F.2d 989, 995
(5th Cir. 1981), cert. denied, 454 U.S. 1055 (1981). The single point of error advanced by each
appellant is overruled.

 The judgments of conviction are affirmed.



 John F. Onion, Jr., Justice

[Before Justices Powers, Jones and Onion*)

Affirmed

Filed: June 10, 1992

[Do Not Publish]

















* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003 (1988).

1. 

 [1]  See Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991) (The reasonable hypothesis
construct is now abolished, but the Geesa opinion is not to be applied retroactively.).