JOHN T. DICKINSON ET AL., PROSECUTORS-APPELLANTS, v. THE INHABITANTS OF THE CITY OF PLAINFIELD AND THE BOARD OF ADJUSTMENT OF THE CITY OF PLAINFIELD, RESPONDENTS.

Argued October 16, 1935—Decided April 2, 1936.

For the appellants, *Andrew L. McDonough* (*Merritt Lane*, of counsel).

For the respondents, *Spaulding Frazer*.

The opinion of the court was delivered by

PERSKIE, J. This appeal brings up for review a judgment of the Supreme Court moulded on the opinion of Mr.

Justice Case who, pursuant to statute, sat alone for the court.

The writ of *certiorari* brought up for review an order of the board of adjustment of the city of Plainfield, New Jersey, revoking certain permits (building and gasoline tank and pumps), granted to the prosecutors.

Mr. Justice Case, after a thorough and careful consideration of all the reasons assigned *and argued* in the cause determined "that the action of the adjustment board in setting aside the inspector's permit and denying permission on its own authority was valid." Accordingly he dismissed the writ. We agree with the reasoning and result reached by him.

Under these circumstances, we would, in the usual and orderly process governing our determination of causes, stop at this point. But, it is now argued for prosecutors, and for the first time in this cause, that the limitation put on the use of their property, both by the board of adjustment and the Supreme Court is an invasion of, if not the due process clause of our own state constitution, the due process and equal protection of the law provisions of the fourteenth amendment to the federal constitution.

Our answer to this argument is that this is not properly before us. We search the record in vain to find where these points were argued below. It will be observed that Mr. Justice Case specifically stated the position taken by prosecutors on the argument before him. He said (at *p.* 264), "prosecutors do not dispute the propriety of the ordinance provisions; they simply try to put themselves outside its purview." And lest there be some misunderstanding because the record before him "was not technically perfect," he further detailed the points argued for prosecutors. He said (at *p.* 265):

"It will be observed that the points argued by prosecutors are made to rest upon—and in this numerical order: (1) a right said to have been acquired by an earlier, non-conforming use, (2) a right said to have vested on the issuing of the building inspectors' permit and the act of the prosecutors in proceeding with the work in dependence thereon, and (3) a faulty form of appeal. The form and substance of the ordi-

nance are not attacked. Arbitrary and unreasonable application of the ordinance provisions as against neighborhood conditions is not charged."

It is clear that no constitutional questions, state or federal, were argued below. This is not seriously controverted. But again, it is argued for the prosecutors that the points were sufficiently raised in the reasons set down in the *certiorari* proceedings, and, although not argued below, may now be argued here for the first time. This is not so.

What we have said on the subject, time and again, finds perfect expression by this court, in *State* v. *Snell*, 96 *N. J. L.* 299:

"* * * A question not presented *and argued* in a court below will be held to be waived and abandoned and will not be considered in an appellate tribunal. *State* v. *Heyer*, 89 *Id.* 187; *Shaw* v. *Bender*, 90 *Id.* 147. Although it is otherwise if the question goes to the jurisdiction or involves public policy. *State* v. *Shupe*, 88 *Id.* 610; *McMichael* v. *Horay*, 90 *Id.* 142. And a court of last resort, reviewing a court of intermediate appeal, will not reverse upon grounds which, while they could have been, were not, raised and argued in the intermediate court of appeal. *Marten* v. *Brown*, 81 *Id.* 599. * * *."

And a point raised but not argued is held to have been waived and abandoned and will not be considered in an appellate tribunal. The following are but a few of the many cases so holding. *Sargeant Bros., Inc.,* v. *Brancati,* 107 *N. J. L.* 84; *Kip* v. *People's Bank and Trust Co.,* 110 *Id.* 178; *Mimnagh* v. *Falato, Id.* 266; *Elizabeth Trust Co.* v. *Central Lumber Co.,* 112 *Id.* 522, 529.

There is no question here of either jurisdiction or public policy.

Judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 11.

*For reversal*—None.