[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 31 
Certiorari was allowed by the former Supreme Court to review the action of the Board of Adjustment of the Borough of Fort Lee denying plaintiff's application for a variance from the local Zoning Ordinance to permit plaintiff to erect and operate a milk bar building on her property. Preliminarily, plaintiff applied to the Building Inspector of the Borough of Fort Lee for a permit to construct a milk bar. The Building Inspector refused to grant the permit because the property was zoned for one-family residential purposes only.
An extended recital of the factual situation is not necessary and may be summarized briefly as follows: Plaintiff's property consists of a triangular shaped tract of land bounded on its three sides by three state highways known as Palisade Avenue, Route 5 and Route S-1-A, fronting on Palisade Avenue approximately 125 feet, 242 feet on Route S-1-A and 250 feet on an unopened street known as Euclid Avenue, which bisects the entire triangle. The remainder of the triangle, which is not owned by plaintiff, is occupied by a gasoline station. The entire plot is restricted by the borough zoning ordinance to one-family dwellings. Plaintiff's property is vacant land except for an old burned-out real estate office which has not been used for many years. The locus was changed from a business zone to a one-family dwelling zone in 1939. At that *Page 32 
time numerous businesses operating in the vicinity continued to function as non-conforming uses. These consist mainly of night clubs, gasoline stations, bars and hot dog stands. Plaintiff purchased her property subsequent to the adoption of the present zoning ordinance. The matter was heard by the Board of Adjustment and its judgment was adverse to plaintiff. The following excerpt from said judgment discloses the reasons for its determination:
"* * * After carefully considering your request to change the above plot from Residential to Business, and erecting a Milkbar facing Palisade Avenue, the Board of Adjustment and Appeal find that practically all of the adjoining property owners are very much opposed to this change. They all purchased their properties with the understanding that it was zoned for residences only, and your client bought this property recently knowing that it was not zoned for business purposes."
At the hearing plaintiff produced as witnesses real estate agents of long experience with properties in the neighborhood involved in the litigation. They all testified that, in their opinion, plaintiff's property was unsuitable for other than business purposes, and that the erection of the proposed milk bar would not result in depreciating property values in the immediate vicinity. Their testimony is clear and convincing. Defendants also offered real estate agents who testified that plaintiff's property had residential possibilities, but our review of their testimony leads us to the conclusion that they were not in accord on this issue. An excerpt from the testimony of Michael J. Ryan, a real estate agent offered by defendants, is illustrative. On cross-examination he testified:
"Q. Will you tell this Board, Mr. Ryan, whether it's suitable for one-family residential purposes or not. A. It isn't very desirable.
"Q. Would you recommend that be used for one-family residential purposes to me or any other of your clients? A. No, I don't think I would. I am referring to parcel number one."
Plaintiff contends that the refusal of the Board of Adjustment constitutes an unnecessary hardship resulting from a literal application of the zoning ordinance to her property, and that the restriction to residential uses bears no reasonable relation to the purposes for which the zoning ordinance was *Page 33 
adopted. Our review of the testimony leads us to concur with these contentions. As was said in the leading case of Brandon v.Board of Com'rs of Town of Montclair, 124 N.J.L. 135,11 A.2d 304 (Sup.Ct. 1940), affd. 125 N.J.L. 367:
"Due to the necessity of generality in the subdivision of the municipality into districts under the zoning power, especial hardship ofttimes ensues unnecessarily and unreasonably to individual landowners; and the function of the board of adjustment under the statute is, through a variance, to relieve from such consequences, and thus to avert what would otherwise take the category of an unwarranted interference with the right of private property. Dowsey v. Kensington, 257 N.Y. 221,177 N.E. 427, 86 A.L.R. 642. Such use restrictions are not reasonable unless fairly necessary for the attainment of one or more of the intents set forth in section 40:55-32, supra; and, while the general regulation may be reasonable, its application in the individual case, by reason of special conditions, may constitute an unnecessary and unjust invasion of the right of property."
When it is considered that numerous non-conforming uses were in existence at the time when the locus was changed from business to residential, and are in existence and active operation at the present time, and when it is further borne in mind that plaintiff's property is located at the intersection of three state highways, with a gasoline station presently located on the triangle, that there are no dwelling houses in the immediate vicinity, it is not conceivable to us by what process of reasoning plaintiff's property could be said to be in an area residential in nature. On the contrary, it is clear that a business use as proposed by the plaintiff is the only use to which it might be adapted satisfactorily. The surrounding highways, which presumably bear vehicular traffic at all hours, definitely create a hazard making undesirable the use of the premises for residential purposes. Then, too, the character of the immediate neighborhood with its many non-conforming uses is such that the restriction imposed upon plaintiff's land has no substantial relation to the public health, safety, morals, comfort, convenience, or the general good and welfare of the community as provided in R.S. 40:55-32. The restraint thus put upon plaintiff's property passes the bounds of reason and assumes the character of a merely arbitrary fiat as condemned in Brandonv. Montclair, supra; Gabrielson v. Glen Ridge, 13 N.J. 142 *Page 34 
(Sup.Ct. 1935); Nusser v. Board of Adjustment ofNewark, 134 N.J.L. 174 (Sup.Ct. 1946), 46 A.2d 657;United Advertising Corp. v. Board of Adjustment of MaplewoodTownship, 136 N.J.L. 336 (Sup.Ct. 1947),56 A.2d 406. The restriction imposed clearly constitutes an unnecessary hardship on the use of plaintiff's land. We are of the opinion, however, that there is a distinction between appellant's land, surrounded by three highways and a gasoline station, and other land in this one-family zone having a frontage on only one highway.
Certain technical objections are argued in defendants' brief: (1) that the applicant requested an exception by the Board of Adjustment and not a variance, and (2) that the statute was not complied with by the applicant in that no proof of notice to other property owners of the proposed application was filed. We find no merit in either of these contentions. No such objections were made at the hearing before the Board of Adjustment and defendants have not filed any supplemental appendix substantiating these grounds. See Rules 1:2-26, 1:3-3 (f). The record reveals that more than ninety per cent of the private property owners and several business property owners, all of whom were affected by plaintiff's application, were present or represented by counsel at the hearing. In addition, at the argument of the cause before this court, counsel for plaintiff stated that the required notice of hearing had been given and filed. We are satisfied that this provision of the statute was complied with.
The Board of Adjustment considered the application as one for a variance and, also, it clearly appears that the form of the appeal fully manifested its relation to the application made to and denied by the Building Inspector. Dickinson v. Inhabitantsof the City of Plainfield et al., 13 N.J. Misc. 260 (Sup.Ct. 1935), 176 A. 716, affd. 116 N.J.L. 336 (E. A.
1936), 184 A. 195.
We have considered all of the other arguments advanced by the defendants in support of their contentions and find them to be without merit. *Page 35 
The action of the Board of Adjustment of the Borough of Fort Lee, in refusing to recommend a variance to the Mayor and Council of the Borough of Fort Lee in the zoning ordinance respecting plaintiff's land, is reversed and set aside.