263 P.2d 993

MOERDER v. CITY OF MOSCOW et al.
No. 8016.

Supreme Court of Idaho.
Nov. 24, 1953.

Melvin J. Alsager, Moscow, J. H. Felton and William J. Jones, Lewiston, for appellant.

Jerry V. Smith, Lewiston, Robert W. Peterson, Moscow, for respondents.

KEETON, Justice.

Claiming special damages to himself and as owner of a residence and other property in a zoned area in the City of Moscow, appellant brought this action to secure a writ of mandate to require the Mayor and City Officials of the City of Moscow to enforce a zoning ordinance designated in the petition as Sec. 4–902 Ordinances of the City of Moscow. This ordinance so far as pertinent reads:

"No building shall be erected within any residence zone of the City of Moscow, any portion of which is nearer the street line than the 'Building Line' as defined herein. The 'Building Line' on either side of any lineal block shall mean a line parallel to and back from any street line which is distant from such street line by a space or interval representing the average distance between the street line and the nearest adjacent outer portions of each and every dwelling house or structure erected on the same side of the street in the same lineal block."

In the petition appellant alleged he is the owner of a residence in a block covered by the ordinance, built a distance of 72'7" from the street line. Other residences in the

block were constructed distance from the street line 55', 42', 135'3", 54'6", and 60'4", and petitioner alleged that defendants Lottie Johnson and her husband, H. C. Johnson, had violated this ordinance, under a permit from the City of Moscow, and constructed a residence 43'10" distant from the street line.

Petitioner further alleged that the permit to construct the residence complained of was not secured in accordance with the procedure prescribed by the ordinances of Moscow for various reasons alleged, claiming numerous acts of omission on the part of the City Officials; that appellant had protested the claimed violation of the ordinance in question to the Mayor and City Council and to Lottie Johnson and her husband, H. C. Johnson; and appellant, in his petition, claims that the Mayor and City Council wilfully refused to abide by or enforce the zoning ordinance establishing building lines; that thereafter the Mayor and City Council passed, or attempted to pass, another ordinance which prescribed a new building line for the block in controversy, fixing a line for the construction of dwellings in the block or area in question, 41' from the street line, which would be a lesser distance than that prescribed in the ordinance claimed to have been in force when the dwelling of the Johnsons was constructed, or the permit to construct the same applied for. This latter ordinance changing the building lines in the block or area in question is attacked as void for numerous

reasons alleged, and it is claimed that it is an attempt on the part of the City Officials to legalize past illegal acts of the City.

The complaint asks for a writ of mandate commanding the Mayor and City Council of Moscow to comply with said original building ordinance in respect to the building of houses in the block in question, together with other relief.

An amended petition was filed and other persons than those now before us were made defendants. Different attorneys appeared for different defendants, filed demurrers, and a motion to quash the alternate writ of mandate. Hearing was had on the demurrers and motion, and the trial court made an order dated February 9, 1953, in which he overruled the demurrers, but granted, without hearing any evidence, the motion to quash and dismissed the proceedings. From this order the petitioner Roy R. Moerder appealed.

Notice of appeal was filed with the clerk on May 8, 1953, and served on the attorneys then representing the various parties. Thereafter on the 5th day of June, 1953, appellant filed a præcipe. The record on appeal was filed in this Court July 9, 1953. Respondents, appearing by separate attorneys, filed in this Court motions to dismiss the appeal on two grounds: first, that the præcipe was not filed within five days after the filing and service of the notice of appeal; second, that appellant has failed to serve upon defendants and respondents, H. C. Johnson, Lottie Johnson, Norman John-

son and Sally J. Johnson, or their attorney, a copy of the transcript, and that no notice of service of the transcript upon the City of Moscow and its officers was given them or him.

In a showing made by appellant, filed subsequent to respondents' motions to dimiss, it is alleged, and not denied, that the transcript was served upon Robert W. Peterson, who had appeared for the City of Moscow and its officials, and who was then attorney for said respondents; and it is alleged that attorney Peterson sent the transcript to Jerry V. Smith of the firm of Cramer & Smith, attorney for the Johnsons.

The transcript on appeal does not contain acknowledgment of service of any respondents or their attorneys, and the attorneys for the Johnsons have filed affidavits that no such service was made on them, or any of them. However by affidavit of appellant's attorney above referred to it does appear that service of the transcript was made on the attorney representing the City of Moscow and its officers, and that the transcript was by him delivered to the attorney representing other respondents.

The failure to file the præcipe designating the papers desired to be used and included in the transcript, with the clerk of the district court, within five days of the filing of the notice of appeal as required by Sec. 13–215, I.C. is directory and not mandatory, and does not deprive this Court of jurisdiction to hear the appeal. Strand v. Crooked River Mining & Milling Co., 23 Idaho 577, 131 P. 5; Bohannon Dredging Co. v. England, 30 Idaho 721, 168 P. 12; Clear Lake Power & Improvement Co. v. Chriswell, 31 Idaho 339, 173 P. 326; Sweaney & Smith Co. v. St. Paul Fire & Marine Ins. Co., 35 Idaho 303, 206 P. 178; Isaak v. Journey, 52 Idaho 274, 13 P.2d 247.

The contention that the appeal should be dismissed because of failure of service of the transcript upon some of the respondents, namely, H. C. Johnson, Lottie Johnson, Norman Johnson and Sally J. Johnson, or their attorney, or notice of service of said transcript on other respondents, as required by Sec. 13–215, I.C. and Rule 30 of the Appellate Rules of the Supreme Court, presents a more serious question. Sec. 13–215, I.C. provides that when there is more than one adverse party, appearing by separate attorneys, the service shall be made on one of said parties or his attorney, and notice designating upon whom service of the transcript was made, given other adverse parties or their attorney; and further provides that appropriate affidavit or admission of service be filed with the Clerk of the Supreme Court or his deputy.

No such acknowledgment of service or affidavit was made in this case, and the only proof before us is the affidavit of appellant's counsel, made subsequent to the motion to dismiss the appeal, that the tran-

script was served on Robert W. Peterson within the time prescribed by Sec. 13–215, I. C., who, it is alleged, sent the transcript to Jerry V. Smith, attorney representing other defendants and respondents. Thus Smith must have known that the transcript was served on Peterson. There is no showing that Jerry V. Smith did not receive a copy of the transcript as set forth in appellant's affidavit. It appears that all parties respondent did have access to the transcript, although not technically served, or notice given, in the manner provided by statute. Further, briefs have been filed by both parties on the merits and the failure to serve the transcript or give notice thereof, if there was a failure, in accordance with the statute above cited, Sec. 13–215, I.C., has not resulted in any prejudice. Hence the motion to dismiss the appeal is denied. State v. Schirmer, 70 Idaho 83, 211 P.2d 762; Clayton v. Barnes, 52 Idaho 418, 16 P.2d 1056.

The first question argued and presented for determination is whether or not the rights claimed by appellant, by virtue of the provisions of the ordinance relied on, can be protected by compelling the Mayor and City Council to enforce such ordinance by a writ of mandate. Appellant claims a violation of the city ordinance, damage to himself and the right, under the facts alleged, to have the ordinance enforced.

■ Public officials may, under some circumstances, be compelled by writ of mandate to perform their official duties, although the details of such performance are left to their discretion.

■ The availability and applicability of a writ of mandate to secure enforcement of a city ordinance was presented to this Court in the case of Beem v. Davis, 31 Idaho 730, 175 P. 959. This Court held that city officers could be compelled by writ of mandate to enforce an ordinance of the city or village. Under the authority of that case, we conclude the petition of petitioner stated a cause of action on which relief might be granted, and the alternate writ should not have been peremptorily quashed and the proceedings dismissed.

After appellant had protested the building of the residence in question, the Mayor and City Council passed another ordinance, subsequent to notice given, changing the building and set-back line from the street of the property in question and fixed a new building line 41' north of the street line. This ordinance, as before stated, is attacked by appellant as invalid for numerous reasons alleged.

Regulations, restrictions and boundaries fixed, determined or provided for in ordinances of a city may be, under prescribed conditions of procedure, altered, amended or changed. Secs. 50–404 and 50–405, I.C.

■ Subsequent to the time the passing of an ordinance imposing zoning regulations has become effective, changed conditions may require an amendment, modifica-

416

tion, or further or additional regulations, and under such circumstances, the legislative body of the municipality is not precluded, under prescribed procedure, from changing prior regulations to promote the general welfare of the municipality. 62 C. J.S., Municipal Corporations, § 226 (12), page 465.

█ The petition for the writ of mandate having been demurred to, its pertinent factual allegations must be by us assumed to be true.

In the motion to quash, certain affirmative matter was alleged which presented issues necessary to be tried before the merits of such affirmative matter could be determined. The determination of what the facts are, is, in the first instance, a question for the trial court. The cause should not have been dismissed without an adjudication on the merits.

The order quashing the petition and dismissing the proceedings is reversed with instructions to the trial court to permit respondents, within a time to be fixed by the trial court, to answer, setting up such defenses as they may have and after issues are joined to hear and determine the matter on the merits. Costs to appellant.

PORTER, C. J., and GIVENS, TAYLOR and THOMAS, JJ., concur.