ANDERSON v. CITY OF HOLLAND.

1. MUNICIPAL CORPORATIONS—ZONING ORDINANCES—POLICE POWER.
    Municipal zoning ordinances, when reasonable in their provisions, are a valid exercise of the police power.

2. SAME—ZONING ORDINANCES—REASONABLENESS.
    The reasonableness of a municipal zoning ordinance is recognized as the test of its legality.

3. SAME—ZONING ORDINANCES—REASONABLENESS.
    Each case involving the determination of the reasonableness of the application of a municipal zoning ordinance must be determined on the basis of its own facts and circumstances.

4. SAME—ZONING    ORDINANCES—BURDEN    OF    ESTABLISHING    IN-
    VALIDITY.
    The presumption of validity attends municipal zoning ordinances and the burden of proof as to their invalidity or unreasonable-

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  58 Am Jur, Zoning § 14.
[2, 3]  58 Am Jur, Zoning §§ 21, 22.
[4]  58 Am Jur, Zoning § 256.
[5]  Creation by statute or ordinance of restricted residence districts from which business buildings or multiple residences are excluded.  19 ALR 1395; 33 ALR 287; 38 ALR 1496; 43 ALR 668; 54 ALR 1030; 86 ALR 659; 117 ALR 1117.
[6]  58 Am Jur, Zoning § 140.

ness of their application is on one challenging such ordinance
to establish his claim.

5. SAME — ZONING ORDINANCES — VALUE — RESIDENTIAL USE — COM-
MERCIAL USE.

Plaintiff who purchased property that had been zoned for resi-
dential use some 25 years theretofore and which neighborhood
had continued in such use with the exception of one gasoline
filling station in an adjacent block that had been permitted
about 4 years before plaintiff bought his property *held,* not en-
titled to have the ordinance declared invalid as applied to his
property, where it is shown there is presently substantial value
for residential use although somewhat less than for commercial
purposes, owners of residential property in the vicinity being
entitled to consideration.

6. SAME—ZONING   ORDINANCES—CLASSIFICATION—DEPRECIATION   IN
VALUE.

Depreciation in value is not a definite yardstick by which to
measure the reasonableness of the classification of a municipal
zoning ordinance and, alone, is not necessarily enough.

Appeal from Ottawa; Smith (Raymond L.), J.
Submitted January 10, 1956. (Docket No. 52, Calen-
dar No. 46,677.) Decided March 1, 1956. Rehearing
denied April 12, 1956.

Bill by Walter E. Anderson against the City of
Holland, a municipal corporation, praying that zon-
ing ordinance be declared void as to his property.
Bill dismissed. Plaintiff appeals. Affirmed.

*Street & Sorensen (Harold M. Street,* of counsel),
for plaintiff.

*Ten Cate & Townsend (James E. Townsend,* of
counsel), for defendant.

CARR, J.   In 1951 plaintiff purchased real estate
in defendant city, it being his purpose at the time
to build a service station thereon for the sale of a
certain brand of gasoline. It was apparently the
intention that such station would be operated by a

company of which plaintiff was the president. Because of the situation existing at the time with reference to the property in question, title was taken in the name of plaintiff rather than by the corporation that he represented. Said property is located on the northwest corner of the intersection of River avenue and 13th street in Holland. It is conceded that the avenue is the principal north and south street in the city, being also referred to in the record as US-31. However, a by-pass for the trunk line has recently been constructed around the city and undoubtedly much traffic formerly using River avenue will in the future follow the by-pass.

Under the zoning ordinance of the city, enacted in 1926, said property was zoned as B residential. Plaintiff sought to have it rezoned to class C commercial, but his application was denied. Thereupon he brought suit to restrain the enforcement of the ordinance as applied to his property, claiming that such application was unreasonable and that as to the land in question the ordinance was invalid. It is not questioned that said ordinance was valid when enacted but the claim is made that changing circumstances have altered the situation in this respect. Plaintiff paid $22,500 for the property and the proofs introduced on the trial of the case indicate that its value for commercial purposes exceeds that sum. If restricted to the uses contemplated by the ordinance it is of lesser value. It is plaintiff's position, in substance, that he is entitled to use his property for the purpose for which he acquired it. On behalf of defendant city it is contended that relieving the property of plaintiff from the restrictions imposed by the ordinance would result in material interference with municipal zoning plans. The question at issue is whether, under all the circumstances of the case as disclosed by the proofs, the ordinance is unreasonable and invalid as applied to plaintiff's

land.    The trial judge determined the issue in favor of the defendant and entered a decree dismissing the bill of complaint.    Plaintiff has appealed.

The legal principle is firmly established that zoning ordinances, when reasonable in their provisions, are a valid exercise of the police power.    *Village of Euclid* v. *Ambler Realty Company,* 272 US 365 (47 S Ct 114, 71 L ed 303, 54 ALR 1016) ; *Austin* v. *Older,* 283 Mich 667.    The reasonableness of such an ordinance is recognized as the test of its legality. *Hitchman* v. *Township of Oakland,* 329 Mich 331. In the application of the test indicated it necessarily follows that each case of this character must be determined on the basis of its own facts and circumstances.    *Senefsky* v. *City of Huntington Woods,* 307 Mich 728 (149 ALR 1433).    It must also be borne in mind that the presumption of validity attends zoning regulations, and that the burden of proof is on one challenging such an ordinance to establish his claim.    *Portage Township* v. *Full Salvation Union,* 318 Mich 693; *Northwood Properties Company* v. *Royal Oak City Inspector,* 325 Mich 419.

On behalf of plaintiff emphasis is placed on the fact that in 1947 property in the block between 13th and 14th streets was rezoned from B residential to C commercial, and a gasoline service station was constructed thereon.    On behalf of defendant it is suggested that such rezoning was improper and should not be extended to other property along River avenue in residential sections.    The trial court found as a matter of fact that the change in the zoning of property in the block south of 13th street did not alter the character of the neighborhood.    In commenting on plaintiff's contentions the circuit judge in his opinion said:

"If such arguments are to prevail in testing the reasonableness of the application of a zoning ordi-

nance to a particular parcel of property then many hundreds of parcels would qualify for rezoning and the whole program of municipal planning would fail. While these are factors that the courts have taken into account in previous cases, and while they must be considered in all cases, nevertheless where they clash with the overall plan of the community the latter plan ought to prevail unless the evidence establishes clearly that the unreasonableness exists."

It ·is not disputed that plaintiff bought his land in the hope and expectation that he would be able to have it rezoned for commercial use. That he paid more for it than it was worth for residential purposes is apparent from the testimony in the case. However, it was in a residential section of the city and no claim may reasonably be made that it is not suitable at the present time for residential purposes. There is testimony also that its value for a multiple residence is substantial, much in excess of single-residential value, and approaches the sum paid by plaintiff. We are not, in other words, dealing with a situation in which the property involved is unsuitable for residential purposes and has little or no value if so restricted. For this reason prior decisions of this Court presenting such a situation, some of which counsel for plaintiff have cited in their brief, are not in point. Among such cases is the recent decision in *Warner* v. *City of Muskegon, ante,* 408, 413 (decided December 28, 1955), in which it was pointed out that the property involved "would be unsuitable and almost worthless for residential purposes." A comparable situation existed in *Janesick* v. *City of Detroit,* 337 Mich 549, cited and relied on by plaintiff. It may be noted also that the case at bar does not involve a claimed depreciation in the value of property as a result of the enactment of a zoning ordinance imposing restrictions to which the property was not previously subject. On the

contrary, plaintiff's position here is that his land should be freed of the zoning restrictions imposed by the ordinance of 1926 to the end that he may have the benefit of the increased valuation that, it is claimed, would result.

Whether the best interests of defendant city and its residents might be advanced by rezoning property along River avenue in such manner as to permit its use for business purposes is not the specific issue involved in the instant controversy. Rather, the question presented here relates, as before stated, to the validity of the present zoning ordinance of the city as applied to plaintiff's property. In determining the issue we take into consideration the factual situation disclosed by the record before us. Owners of residential property in the vicinity of plaintiff's land are entitled to consideration. Apparently they are using their respective properties in accordance with the provisions of the ordinance. Granting to plaintiff the relief that he is seeking here might result to the prejudice of such others.

In *City of Howell* v. *Kaal,* 341 Mich 585, defendants undertook to operate a trailer camp in disregard of the provisions of a municipal ordinance enacted several years prior to defendants' purchase of the land involved. Plaintiff brought suit to enjoin the defendants from operating in disregard of the restrictions of the ordinance, and a decree in its favor was entered in the trial court. Defendants appealed, asserting that as to their property the ordinance was unreasonable, confiscatory, and invalid. There was testimony in the case indicating that the land was adapted for use for residential purposes but that its value for a trailer camp would be appreciably higher. In rejecting the arguments advanced by defendants, it was said (pp 589, 590):

"The record establishes that the property was used for a single-residence purpose when the ordinance was adopted and for 5 years thereafter; that in the opinion of a defense witness it has a value for that purpose of $10,000; that its use as a trailer camp began 5 years after adoption of the ordinance and that it was not until 4 years after that that defendants purchased it with full knowledge of the provisions of the ordinance. Defendants cite such cases as *Janesick* v. *City of Detroit,* 337 Mich 549; and *Ervin Acceptance Co.* v. *City of Ann Arbor,* 322 Mich 404, for the proposition that in determining the reasonableness of the ordinance the court will consider the depreciation in value which it occasions, especially when it destroys most of the value of the property involved. Those cases also state that depreciation in value is not a definite yardstick by which to measure the reasonableness and are in accord with our holding in *Moreland* v. *Armstrong,* 297 Mich 32, 36, that:

" 'Mere depreciation in value by itself is not enough. The test is whether the zoning classification is unreasonable.'

"Where the property in question is suited to the R-A purpose assigned to it by the ordinance, it is surrounded for a considerable distance by property so used, and it was being so used at the time the ordinance was adopted and had a substantial value for that purpose, the fact that at a later date it was put to an illegal use and, as such, was bought by defendants, with knowledge of the ordinance, at a price higher than the value of the property when used for lawful purpose, does not render the ordinance confiscatory. To hold that it does would render the residential classification under every zoning ordinance vulnerable to attack as unreasonable and confiscatory the moment the owner of property so zoned found opportunity to sell it for industrial purposes at a price beyond its value for residential purposes. That is not the law. Defendants took a calculated risk, hoping that the ordinance would not be enforced

or that it would be amended. The failure of their gamble cannot be urged against the validity of the ordinance."

The foregoing statement is, by analogy at least, applicable to the facts in the case at bar. We are in accord with the findings of the trial judge, and the decree of the circuit court is affirmed. Defendant may have costs.

DETHMERS, C. J., and SHARPE, SMITH, REID, BOYLES, KELLY, and BLACK, JJ., concurred.