300 P.2d 808

Roy R. MOERDER, Plaintiff-Appellant,

v.

CITY OF MOSCOW, a municipal corporation; W. L. Anderson, individually and as Mayor of the City of Moscow; Spencer Lewis, Fred Handel, Harold Lough, C. W. Hickman, Roscoe Williams and Homer Peterson, individually and as members of the City Council of the City of Moscow; H. C. Johnson and Lottie Johnson, husband and wife; Norman Johnson and Sally J. Johnson, husband and wife, Defendants-Respondents.

No. 8329.

Supreme Court of Idaho.

Aug. 2, 1956.

Rehearing Denied Sept. 5, 1956.

Robert W. Peterson, City Atty., Moscow, for respondents City of Moscow and the Mayor and Council thereof.

Melvin J. Alsager, Moscow, J. H. Felton, William J. Jones, Lewiston, for appellant.

Cox, Ware & Stellmon, Lewiston, for respondents Johnsons.

ANDERSON, Justice.

This is an action for a writ of mandate to require the City of Moscow, Idaho, and its officials to enforce zoning ordinance No. 676. Demurrers were filed and overruled. A motion made to quash and dismiss the action was granted, without hearing any evidence, by the district court. An appeal was taken and this court reversed the district court, Moerder v. City of Moscow, 74 Idaho 410, 263 P.2d 993, and sent the matter back for trial on the merits.

The facts, briefly, disclose that plaintiff and appellant had owned since about 1920 a residence, built prior to the year 1900, on D Street in Moscow, Idaho, and that since 1930 there had been a sidewalk along the north half of D Street. Respondents H. C. and Lottie Johnson, husband and wife, also own property on D Street, and their property joins appellant's on the west.

Appellant contends that a residence on the Johnson property is 39.4 feet northerly from the sidewalk, whereas it should be moved to a point 53.1 feet therefrom to be on the correct setback line.

Respondents Johnson contend that appellant informed them shortly after construction was commenced that he had no objection to the location of the residence house, and they further allege that the area was rural or semi-rural when ordinance No. 676, fixing the setback line, was enacted in 1933.

June 5, 1950, respondent Norman Johnson requested the Moscow City Council to establish the building line through his father's tract in conformity with the building line of the block located directly west of said tract. June 16, 1950, a building permit was issued by the city engineer of the City of Moscow to the respondent, Lottie Johnson. April 2, 1951, appellant objected before the Moscow City Council to the construction of the Johnson house.

May 7, 1951, ordinance No. 905 was enacted by the City Council of Moscow, establishing a new line in the block in question so that Johnsons' house would be allowed to remain. Appellant contends the ordinance was not enacted according to law, and further that the location of Johnsons' house does not comply with it. Respondents Johnson contend that ordinances 676 and 905 are unreasonable, arbitrary, and an illegal invasion of the property rights of respondents with respect to use of their property, and constitute an unlawful taking of the property of the respondents in violation of section 1 of the Fourteenth Amendment to the Constitution of the United States and of Article I, §§ 13 and 14, of the Constitution of the State of Idaho; that the setback lines claimed by appellant and fixed by ordinance do not carry out any comprehensive or uniform plan as required by I. C. § 50-402, and do not promote the health, safety, morals or general welfare of the community and the residence zone in question.

The case was tried on the merits, the alternative writ of mandamus quashed, appellant's petition dismissed with prejudice, and judgment entered for respondents, from which appellant perfected this appeal.

Appellant claims the right to require the moving back or removal of respondents' house under ordinance No. 676 of the City of Moscow, the applicable part of which reads:

"Building Lines, All Residence Zones. No building shall be erected within any residence zone of the City of Moscow, any portion of which is nearer the street line than the 'Building Line' as defined herein. The 'Building Line' on either side of any lineal block shall mean a line parallel to and back from any street line which is distant from such street line by a space or interval representing the average distance between the street line and the nearest adjacent outer portions of each and every dwelling house or structure erected on the same side of the street in the same lineal block. * * *"

250

Idaho Code, § 50–401 provides:

"Grant of power.—For the purpose of promoting health, safety, morals, or the general welfare of the community, the legislative body of a city of the first class, or of the second class, or of villages, is hereby empowered to regulate and restrict the height, number of stories and the size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, court and other open spaces, the density of population, and the location and use of buildings, structures and land for trade, industry, residence or other purposes."

Section 50–402 provides:

"Districts—Regulations.—For any or all of said purposes such legislative body may divide the municipality into districts of such number, shape and area as may be deemed best suited to carry out the purpose of this chapter; and within such districts it may regulate and restrict the erection, construction, reconstruction, alteration, repair or use of buildings, structures or land. *All such regulation shall be uniform for each class or kind of buildings throughout each district* but the regulations of one district may differ from those in other districts." (Emphasis added.)

The ordinance in question does not establish a uniform regulation for each class of buildings within the district. Indeed, it would be difficult to conceive of a scheme less uniform. Under the ordinance, setback lines could vary from one block to the next on the same street. The building line could be farther back on one side of the street than on the other, as in fact it was in the present case. The line could even vary from year to year in the same block as additional houses were constructed, if the ordinance were upheld.

While the case of Appeal of White, 287 Pa. 259, 134 A. 409, 412, 53 A.L.R. 1215, decided this question on the basis of constitutionality rather than that of powers granted the municipality by statute, the language there used is applicable in this case:

"The application and consequence of this ordinance is a gross discrimination, in that it does not bear alike on all persons living within the same territory. * * * it affects property differently on adjoining blocks, or within the same block or on opposite sides of the street. As Judge Linn of the Superior Court states: ' * * * Consideration of the section will disclose that the line may be further back from the street line on one side of the street than on the other, and even on the same side of the street its distance

from the street line may vary in different squares, its location depending wholly on how far back (if at all) a house or houses had already been built, and if but one house had been built, its line would seem to control all the other lot owners. * * *'

"We may add, if there is only one building erected in a block, placed back, say, 100 feet from the street line, then all other buildings afterwards erected in the block * * * would have to conform to this one. * * *"

See also Scholl v. Borough of Yeadon, 148 Pa.Super. 601, 26 A.2d 135, 137, and 58 Am.Jur., Zoning, sec. 51, pp. 973–974.

The Superior Court of New Jersey, in the case of N. T. Hegeman Co. v. Mayor and Council of Borough of River Edge, 6 N.J.Super. 495, 69 A.2d 767, construing a statute similar to I.C. § 50–402, held that such statute was violated by a zoning ordinance which established building lines of 67 feet, 30 feet and 30 feet on three sides of a single city block, while the building line in the remainder of the zone was 25 feet. The court pointed out, 69 A.2d at pages 770–771:

"* * * Municipal authority to pass zoning ordinances is confined to that given by the statute. * * *

"The statute authorizing the enactment of zoning ordinances provides that a municipality may, by ordinance, 'limit and restrict to specified districts and may regulate therein, buildings and structures according to their construction, and the nature and extent of their use, and the nature and extent of the uses of land', and such authority shall include the right to regulate the sizes of yards, courts, and other open spaces. * * * For the purposes aforesaid, the municipality may be divided into districts, but the regulations throughout each district must be uniform.

"* * * The ordinance in question, as a zoning restriction, violates the statutory requirement that all zoning regulations shall be uniform in each zoning district. * * *"

The ordinance being invalid, appellant's other assignments of error—which raise questions relating to the status of D Street as a dedicated street, the actual position of the Johnson residence with respect to the building line, the admissibility of certain evidence, and other points—need not be discussed nor decided by this court.

Judgment affirmed.

Costs to respondent.

TAYLOR, C. J., KEETON and SMITH, JJ., and BAKER, D. J., concur.