338 P.2d 778

Thomas B. WHITE and J. Eugene White,
Plaintiffs-Appellants,

v.

CITY OF TWIN FALLS, a municipal
corporation, Defendant-Respondent.

No. 8711.

Supreme Court of Idaho.

April 27, 1959.

Rayborn & Rayborn, Lloyd J. Webb, Twin Falls, for appellants.

Wm. J. Langley, Twin Falls, for respondent.

NORRIS, District Judge.

Appellants own a certain rectangular parcel of real property situate at the northwest corner of the intersection of Blue Lakes Boulevard North and Filer Avenue, within the corporate limits of the City of Twin Falls; its dimensions are 175 feet by 225 feet with the longer frontage facing east and bordering upon Blue Lakes Boulevard North. The City's Zoning Ordinance No. 1034 presently classifies the whole property as C–4, a Plant Nursery District, and limits its business use to restricted

floral purposes only. Appellants may otherwise use their property as a one-family residence.

Appellants operate their florist business in and upon the southeast portion of the property, of dimensions 110 feet east and west, by 91 feet north and south. The floral shop is located within 25 feet of the two fronting streets with this 25 feet used as a parking area for patrons of the business. Appellants' greenhouse is located to the rear and connects onto the west wall of their floral shop; several sheds are situate to the rear and west of the greenhouse. Appellants seek a reclassification of this portion of their property to C–2, a Neighborhood Business District, a commercial classification, permitting "Automobile service stations without major repairs" under section 12 of Zoning Ordinance No. 1034.

If the reclassification is accomplished, appellants desire, and have agreed, to sell such portion of the property to an oil company which has agreed to purchase it, and to erect and maintain a service station thereon.

Section 15 of Zoning Ordinance No. 1034 restricts the use of appellants' property to the raising and sale of flowers, plants, shrubs, bushes and small trees; to the sale of containers, ornamental or otherwise, as are used for growing or containing plant life, and sale of fertilizers and similar materials packaged in quantities not to exceed one hundred pounds; and prohibits "the sale of gardening tools, wheelbarrows, carts and other similar items * * *."

The intersection, Blue Lakes Boulevard North and Filer Avenue, upon which appellants' property borders is one of the principal intersections of the City. Blue Lakes Boulevard North, extending north and south, is a part of the State Highway system known as U.S. Highway 93, connecting California and Nevada with Central Idaho and Montana. Filer Avenue, extending east and west, serves the surrounding residential areas, commercial enterprises hereinafter described, and Twin Falls High School having an enrollment of approximately 1,000 students situate about five blocks east of appellants' property.

Appellants and their predecessors have used the property for purposes of a floral business continuously for approximately 25 years, since the early 1930's.

The City of Twin Falls annexed appellants' property November 20, 1944.

By Ordinance No. 670 adopted in 1945, the City was zoned and appellants' property placed in a residential zone. By later Ordinance No. 766, adopted in July 1948, appellants' property was permitted to continue its nursery and floral business as "non-conforming uses."

In 1955 the City's Planning and Zoning Commission and its Board of Commissioners began and from time to time held public hearings and considered petitions looking to rezoning the entire city, affording opportunity to all persons, including appellants, to appear and be heard.

The Planning and Zoning Commission at a meeting held March 1, 1956, voted to recommend the rezoning of appellants' property to C–2 classification, a Neighborhood Business District. Later, May 29, 1956, the Commission reversed itself and voted to recommend appellants' property as C–4 classification, a Plant Nursery District.

The City, July, 2, 1956, adopted its present Zoning Ordinance No. 1034, by vote of its Board of three Commissioners, two voting for and one against its adoption. This ordinance places appellants' property in its present C–4 restricted classification of Plant Nursery District.

The City later rejected appellants' request for reclassification of their property, from its present C–4, a Plant Nursery District, to C–2, a Neighborhood Business District.

Appellants thereupon commenced the present proceeding, seeking a declaratory judgment determining the City's Zoning Ordinance No. 1034 void in its application to that part of appellants' property in and upon which their floral business is conducted.

The trial court after a hearing, made findings of fact and conclusions of law, and entered its judgment and decree adverse to appellants' contentions, decreeing the City's Ordinance No. 1034 to be valid and enforceable as to the C–4 Plant Nursery classification of appellants' property. Appellants appeal from the judgment.

Appellants admit that the City complied with all statutory requirements in adopting the zoning ordinances. They contend only, that Ordinance No. 1034 is invalid and void insofar as it affects their property.

Evidence presented by both parties at the trial is without conflict. Such being true, only questions of law are involved on this appeal, and the parties so submit the matter.

Appellants' assignments of error present the question whether the City's Zoning Ordinance No. 1034 is arbitrary, unreasonable, discriminatory and confiscatory, and therefore invalid in its application to appellants' property.

Further uncontradicted evidence relevant to the issue presented is substantially as follows:

Four days before the trial, on a Thursday, in two 1-hour periods and one 1½ hour period, 3,066 automobiles traveled the

intersection of Blue Lakes Boulevard North and Filer Avenue. At the time of the trial the City had arranged for the installation of traffic control lights at this intersection; and prior thereto at rush times the City had found it necessary to have a policeman in the intersection to control the traffic.

Extending northeasterly from the intersection covering an area of approximately eight acres, is a Neighborhood Business District known as the Lynwood Shopping Center. An automobile service station is situate in the southwest portion of this eight acre tract bordering Blue Lakes Boulevard North; this station is directly east across the street from appellants' property. Immediately east of such service station, facing south on Filer Avenue, is a supermarket. Bordering the supermarket on the east are several professional offices, and to the east of those offices is a drug store which dispenses general merchandise. Further commercial development of the Lynwood Shopping Center is permitted by Ordinance No. 1034 and is within the contemplation of the property owners.

Diagonally across the street from appellants' property and on the southeast corner of the said intersection is located another automobile service station. A commercially zoned strip of property of the approximate dimension of 250 feet by 350 feet bordering Filer Avenue is located just east of this last mentioned service station. Only on the southwest corner of said intersection is there residence property.

About one block south of appellants' property and on the east side of Blue Lakes Boulevard North is located still another automobile service station.

The supermarket and the drug store located in the Lynwood Shopping Center are permitted by the City's Ordinance No. 1034 also to engage in floral merchandising; however, unlike appellants, those businesses are not restricted, but are permitted to sell any and all items conceivably connected with a plant nursery and floral business. The unrestricted competitive uses allowed the owners of the supermarket and drug store (plus unrestricted retail sales allowed in floral and gardening lines of merchandise elsewhere in the city) have resulted in economic disaster to appellants' business. Appellants' net profit in 1956 and 1957 from their floral business amounted to less than $150 each year.

The part of appellants' property upon which the floral business is located, together with such business, has a value of between $12,500 and $16,000. The value of this same property for residential purposes, being the only other use permitted by the ordinance is between $6,500 and $8,000. Appellants, under the existing agreement with an oil company, will be

able forthwith to sell this portion of their property, without improvements, for use for "automobile service station without major repairs," (per Ordinance No. 1034), for the sum of $32,500, provided it be reclassified as C–2, a Neighborhood Business District.

Two real estate dealers and appraisers, called by appellants, testified that the construction of an automobile service station upon appellants' property would increase adjacent property values and improve the appearance of the area. Further testimony shows that such a service station with adequate parking facilities would add to traffic safety at the intersection and streets adjacent to appellants' property.

The evidence further shows that two automobile service stations presently located at this intersection, are the first service stations in a distance of 25 miles south from Shoshone, Idaho; and that it is necessary for south-bound traffic, using this Highway No. 93, to make a left turn across the north-bound traffic lane in order to enter either of these two service stations.

The power to restrict the uses of property is within the police power of the state, delegable to its municipal subdivisions, and is not per se repugnant to the Constitution of the United States. This power, however, is not without limitations, as was said in Nectow v. City of Cambridge, 277 U.S. 183, 48 S.Ct. 447, 448, 72 L.Ed. 842:

"The governmental power to interfere by zoning regulations with the general rights of the landowner by restricting the character of his use, is not unlimited, and, other questions aside, such restriction cannot be imposed if it does not bear a substantial relation to the public health, safety, morals, or general welfare."

The principle that a restrictive zoning regulation cannot be upheld unless the restriction bears a substantial relation to the preservation of the public health, safety, morals or general welfare is generally recognized by the state courts. O'Connor v. City of Moscow, 69 Idaho 37, 202 P.2d 401, 9 A.L.R.2d 1031; Continental Oil Co. v. City of Twin Falls, 49 Idaho 89, 286 P. 353; Diocese of Rochester v. Planning Board, 1 N.Y.2d 508, 154 N.Y.S.2d 849, 136 N.E.2d 827; Barney & Casey Co. v. Town of Milton, 324 Mass. 440, 87 N. E.2d 9; Hoffman v. Mayor and City Council of Baltimore, 197 Md. 294, 79 A.2d 367; Roberts v. Board of Adjustment, 1 N.J.Super. 29, 61 A.2d 896; Benner v. Tribbitt, 190 Md. 6, 57 A. 2d 346; Continental Oil Co. v. City of Wichita Falls, Tex.Com.App., 42 S.W.2d 236; M. & S. Builders v. City of Dearborn, 344 Mich. 17, 73 N.W.2d 283; Reynolds v. Barrett, Cal.App., 68 P.2d 266;

Weber v. City of Cheyenne, 55 Wyo. 202, 97 P.2d 667; Carter v. City of Bluefield, 132 W.Va. 881, 54 S.E.2d 747; Reschke v. Village of Winnetka, 363 Ill. 478, 2 N.E.2d 718; Prentiss v. American University, 94 U.S.App.D.C. 204, 214 F.2d 282; Libby v. Board of Zoning Appeals, 143 Conn. 46, 118 A.2d 894; Petropoulos v. City of Chicago, 5 Ill.2d 270, 125 N.E.2d 522; Wakefield v. Kraft, 202 Md. 136, 96 A.2d 27.

█ The general power of municipalities of this state to restrict the use of property located within their corporate limits is recognized by statute and judicial decisions. I.C., § 50–401; O'Connor v. City of Moscow, 69 Idaho 37, 202 P.2d 401, 9 A.L.R.2d 1031; Moerder v. City of Moscow, 74 Idaho 410, 263 P.2d 993; Moerder v. City of Moscow, 78 Idaho 246, 300 P.2d 808. I.C., § 50–401, predicates the granting of power to restrict the use of property as follows:

"For the purpose of promoting health, safety, morals, or the general welfare of the community, the legislative body of a city * * * is hereby empowered to regulate and restrict * * *."

I.C., § 50–403, additionally sets forth the purposes which must be kept in view by city legislative bodies in Idaho in enacting zoning ordinances; it reads as follows:

"Such regulations shall be made in accordance with a comprehensive plan and designed to lessen congestion in the streets; to secure from fire, panic and other damages; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population; to facilitate the adequate provision of transportation, water, sewerage, schools, parks and other public requirements. Such regulations shall be made with reasonable consideration, among other things, as to the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such municipality."

Respondent contends that Ordinance No. 1034 should be upheld even though it may not bear relation to public health, safety or morals, but because it comes within the broader meaning of general welfare; also urges the well known principle, that since the power of the municipality to establish zones and classify property is purely a legislative function, the courts will not interfere with such exercise of power unless it be exercised in an unreasonable manner.

█ In determining the question of reasonableness or unreasonableness of a municipal ordinance, all the existing circumstances or contemporaneous conditions,

the objects sought to be obtained, and the necessity or lack thereof for its adoption will be considered by the court. Continental Oil Co. v. City of Twin Falls, 49 Idaho 89, 286 P. 353. Whether or not an ordinance is reasonable is a question of law for the court. Continental Oil Co. v. City of Twin Falls, supra; Jackman v. Hamersley, 72 Idaho 301, 240 P.2d 829; City of Lewiston v. Mathewson, 78 Idaho 347, 303 P.2d 680; and the rules of construction of ordinances are the same as those applied to the construction of statutes, Jackman v. Hamersley, supra; City of Lewiston v. Mathewson, supra.

■ A presumption attains in favor of the validity of a municipal ordinance. Continental Oil Co. v. City of Twin Falls, supra; Boise City v. Better Homes, 72 Idaho 441, 243 P.2d 303; City of Lewiston v. Mathewson, supra.

■ Respondent, in attempting to uphold the so-called general welfare aspects of Ordinance No. 1034, admits generally the various commercial establishments in the hereinbefore referred to areas, as shown by the evidence; also points out that immediately across the street from appellants' property to the south there is a valuable residence, and that residences generally occupy the west side of Blue Lakes Boulevard North, as sanctioned by the ordinance, which continues such area as a residential district.

Respondent's further position is, that it is reasonable and proper and within the general welfare power of the City to establish a dividing line,—in this case Blue Lakes Boulevard North,—its west side, and westerly therefrom, to be devoted to occupancy by residences, and immediately opposite on the easterly side of the Boulevard, commercial establishments may be allowed, regardless of what effect such may have upon appellants' property situate within the restricted area; but respondent fails to recognize the changing circumstances and condition with the referred to businesses dealing in floral and garden equipment and supplies, allowed them under the ordinance but denied appellants, which have caused the economic destruction of appellants' floral and nursery business. In other words, respondent fails to recognize, that also under the general welfare clause an ordinance may not be discriminatory, nor operate in a manner confiscatory to a business.

Under such circumstances appellants quite properly propound the question, whether the restriction of Ordinance No. 1034 as to their property can be rightfully imposed, urging that the restriction does not bear a substantial relation to the public health, safety, morals and general welfare.

The physical location of appellants' property, situate as it is at a heavily traveled

principal intersection of a national highway, with the areas in the immediate vicinity being devoted to commercial enterprises recognized and sanctioned by the ordinance, have prompted courts to find, under similar situations, that such restrictive use of property, located as is appellants', renders an ordinance unreasonable, and therefore invalid. Rockdale Construction Corp. v. Incorporated Village, Sup., 94 N.Y.S.2d 601, affirmed 275 App.Div. 1043, 91 N.Y.S.2d 926; Vernon Park Realty, Inc. v. City of Mount Vernon, Sup., 122 N.Y.S.2d 78, affirmed 307 N.Y. 493, 121 N.E.2d 517; Roberts v. Board of Adjustment, 1 N.J.Super. 29, 61 A.2d 896; Dowsey v. Village of Kensington, 257 N.Y. 221, 177 N.E. 427, 86 A.L.R. 642; City of Pleasant Ridge v. Cooper, 267 Mich. 603, 255 N.W. 371; M. & S. Builders v. City of Dearborn, supra; Reynolds v. Barrett, Cal.App., 68 P.2d 266; Reynolds v. Barrett, 12 Cal.2d 244, 83 P.2d 29; Carter v. City of Bluefield, 132 W.Va. 881, 54 S.E. 2d 747; Reschke v. Village of Winnetka, 363 Ill. 478, 2 N.E.2d 718; Petropoulos v. City of Chicago, 5 Ill.2d 270, 125 N.E.2d 522; Northern Trust Co. v. City of Chicago, 4 Ill.2d 432, 123 N.E.2d 330; Scarborough Apartments v. City of Englewood, 9 N.J. 182, 87 A.2d 537.

In Rockdale Construction Corp. v. Incorporated Village, supra, plaintiff's property was located within a village zoned entirely residential. Immediately across the street, but outside the corporate limits of the village, property was unrestricted and commercially developed. The street carried heavy traffic. The New York court, in finding the ordinance invalid in its application to a business property, ruled (94 N.Y.S.2d 602) as follows:

"* * * the existing ordinance so destroys the value of the property as to amount practically to confiscation and, therefore, it [the Court] finds that the ordinance is unreasonable, invalid and void as to such property."

In Dowsey v. Village of Kensington, supra [257 N.Y. 221, 177 N.E. 429], plaintiff's property bordering a principal street, upon which he desired to erect an apartment house, was zoned first class residential. Across the street was situate unrestricted property. The New York Court in ruling the restriction invalid stated:

"Special hardship to an individual owner must at times be suffered for the general welfare, but neither the Legislature nor the local authorities acting under the power delegated by the Legislature may impose such special hardship unnecessarily and unreasonably."

The foregoing decisions rest upon the theory that where an ordinance operates in a discriminatory manner resulting in undue hardship and confiscation, it must be declared invalid; that to permit commercial activity on one side of a street

carrying heavy traffic and to disallow commercial activity on the other side, is discriminatory.

In Carter v. City of Bluefield, supra [132 W.Va. 881, 54 S.E.2d 761], the Court, in invalidating a residential restriction on property located on a heavily used street across from a commercial area, ruled:

"The permission given by the ordinance to other landowners in the same area to use their properties for business * * * purposes indicates clearly that such use does not adversely affect, impair or endanger the health, * * * or the general welfare of that portion of the city."

As stated in Roberts v. Board of Adjustment, supra [1 N.J.Super. 29, 61 A.2d 898]:

"The surrounding highways, which presumably bear vehicular traffic at all hours, definitely create a hazard making undesirable the use of the premises for residential purposes."

See also La Salle National Bank v. City of Chicago, 6 Ill.2d 22, 126 N.E.2d 643; Northern Trust Co. v. City of Chicago, 4 Ill.2d 432, 123 N.E.2d 330; Scarborough Apartments v. City of Englewood, 9 N.J. 182, 87 A.2d 537.

▮ Although not a controlling consideration, a further circumstance which must be duly considered in determining whether the ordinance is invalid in its application to appellants' property, is the value of the property as presently restricted compared to the value under the use which appellants request. The property as now used, i. e., for floral purposes, is shown to have a value between $12,500 and $16,000, with its value as a one-family residence, the only other use permitted under the ordinance, being between $6,500 and $8,000; whereas, if the modification of use for the purposes of an automobile service station is granted, the value of the southeast portion of appellants' property, in size 91 feet by 110 feet, unimproved, will be the sum of $32,-500.

Resulting differences in property values, to be considered in determining the reasonableness of zoning ordinances, has been the subject matter of considerable litigation. In Petropoulos v. City of Chicago, supra [5 Ill.2d 270, 125 N.E.2d 526], the rule is stated:

"In determining whether the confiscation of property rights by a zoning ordinance is unreasonable and confiscatory, in violation of the pertinent Federal and State constitutions, the degree in which the values incident to the property are diminished by the restrictions of the ordinance must always be considered in connection with the facts of the particular case."

See also Rockdale Construction Corp. v. Incorporated Village, supra; Vernon Park Realty, Inc. v. City of Mount Vernon, 307 N.Y. 493, 121 N.E.2d 517; Barney & Casey

Co. v. Town of Milton, 324 Mass. 440, 87 N.E.2d 9; Dowsey v. Village of Kensington, 257 N.Y. 221, 177 N.E. 427, 86 A.L.R. 642; Reschke v Village of Winnetka, 363 Ill. 478, 2 N.E.2d 718; La Salle National Bank v. City of Chicago, supra; Redford Moving & Storage Co. v. City of Detroit, 336 Mich. 702, 58 N.W.2d 812; Janesick v. City of Detroit, 337 Mich. 549, 60 N.W. 2d 452; Peterson v. Vasak, 162 Neb. 498, 76 N.W.2d 420; Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 43 S.Ct. 158, 67 L. Ed. 322.

Appellants question the sufficiency of the evidence to support the finding of the trial court to the effect that the value of residential property would be much reduced by the construction, in close proximity, of the contemplated service station.

There is no evidence indicating that any of the surrounding property owners felt that appellants' requested modification in the zoning regulation would have a detrimental effect on the property of those owners. Conversely, certain property owners in the immediate area affirmatively testified that the service station use would not decrease the value of their property but likely would have a beneficial effect.

■ An automobile service station of the type within the contemplation of the city's ordinance and under consideration here, whether in a business or residence district, is a lawful business. Continental Oil Co. v. City of Twin Falls, 49 Idaho 89, 286 P. 353. Such a service station is not a nuisance per se, Continental Oil Co. v. City of Twin Falls, supra; Shell Oil Co. v. Edwards, 263 Ala. 4, 81 So.2d 535, certiorari denied 350 U.S. 885, 76 S.Ct. 139, 100 L.Ed. 780; Town of Miami Springs v. Scoville, Fla., 81 So.2d 188; Davis v. Deariso, 210 Ga. 717, 82 S.E.2d 509; City of Monmouth v. Lawson, 345 Ill.App. 44, 102 N.E.2d 188; Bortz v. Troth, 359 Pa. 326, 59 A.2d 93; "'whether a thing, not a nuisance per se, is a nuisance per accidens or in fact depends upon its location and surroundings, the manner of its conduct, or other circumstances.'" Continental Oil Co. v. City of Twin Falls, supra [49 Idaho 89, 286 P. 358]; McPherson v. First Presbyterian Church, 120 Okl. 40, 248 P. 561, 51 A.L.R. 1215; Mrowka v. Board of Zoning Appeals, 134 Conn. 149, 55 A.2d 909; Anderson v. City of Holland, 344 Mich. 706, 74 N.W.2d 894; Garrett v. Borough of Beaver, 367 Pa. 626, 81 A.2d 900.

Here, not only does there exist substantial commercial development of the type sought by appellants, but continued commercial development is contemplated by the owners of surrounding properties, as is permitted by Ordinance No. 1034. These factors must also be taken in consideration bearing upon the reasonableness of the ordinance. Endara v. City of Culver City,

140 Cal.App.2d 33, 294 P.2d 1003; Parsons v. Board of Zoning Appeals, 140 Conn. 290, 99 A.2d 149; Wakefield v. Kraft, 202 Md. 136, 96 A.2d 27. Moreover the changing character of the neighborhood is evidenced by commercial development along Blue Lakes Boulevard North in and out of the City of Twin Falls, and along Filer Avenue to the east of the intersection, where appellants' property is situate.

The further discriminatory aspect of the ordinance also is illustrated, by the City allowing, under the ordinance, the opening of new areas adjacent to appellants, with unrestricted commercial uses permitted to businesses competitive with appellants' trade, examples being the nearby supermarket which may sell floral items and allied commodities, as well as many other items, in the course of trade. Zoning regulations are not permitted so to discriminate. In Bernstein v. Smutz, 83 Cal.App. 2d 108, 188 P.2d 48, 56, a city's ordinance restricted the property where plaintiff's land was located to one oil well to each block, whereas the surrounding area was not so restricted. The court in determining the ordinance discriminatory stated:

"The discriminatory effect of the ordinance lies in its singling out for regulation a small area and imposing upon owners and lessees therein restrictions not applicable to other [surrounding] areas * * *."

See also Reynolds v. Barrett, 12 Cal.2d 244, 83 P.2d 29; Wilkins v. City of San Bernardino, 29 Cal.2d 332, 175 P.2d 542; Endara v. City of Culver City, 140 Cal.App. 2d 33, 294 P.2d 1003; Carter v. City of Bluefield, 132 W.Va. 881, 54 S.E.2d 747.

Though there is evidence that appellants' residential properties, the record is devoid of evidence that the erection of the contemplated service station would adversely affect property values thereof or detract property is situate in the near vicinity of from esthetic values of the neighborhood. On the contrary, the evidence shows that an improvement in esthetic appearance in the neighborhood would result by construction of the contemplated service station. Assuming, however, that some public gain is to be derived from the ordinance restriction under the broad aspect of general welfare, the record indicates that any such gain would be slight as well as conjectural.

The evidence of discrimination in all the various aspects mentioned, is so overwhelming, as balanced against the the premises, that as a matter of law, this nebulous showing of general welfare in Court must conclude, and it so holds, that the ordinance, as it affects appellants' property is confiscatory and therefore invalid, as to said property.

Miller Bros. Lumber Co. v. City of Chicago, 414 Ill. 162, 111 N.E.2d 149, 153, states the rule in the following language:

"If the gain to the public is small, we have said, when compared with the hardship imposed upon individual property owners, no valid basis for an exercise of the police power exists. The cases announcing these principles are legion. * * *."

See also La Salle National Bank of Chicago v. City of Chicago, 5 Ill.2d 344, 125 N.E.2d 609; Janesick v. City of Detroit, 337 Mich. 549, 60 N.W.2d 452.

The judgment of the district court is reversed insofar as it decrees that appellants have no right to have the portion of their property, in size 91 feet by 110 feet, situate at the northwest corner of the intersection of Blue Lakes Boulevard North and Filer Avenue in the City of Twin Falls, exempted from the force and effect of the City's Ordinance No. 1034; and denying them the right to have said property rezoned to C–2 classification, a Neighborhood Business District, and that respondent recover its costs.

The cause is remanded with instructions to enter judgment in favor of appellants, consonant with the views expressed herein, and including their costs in the district court.

Costs to appellants.

TAYLOR, SMITH, KNUDSON and McQUADE, JJ., concur.

PORTER, C. J., not participating.